[No. 12127.   Department Two.   July 30, 1914.]

*In re* RAINIER AVENUE.[1]

EMINENT DOMAIN—PROCEEDINGS—APPEAL—SUPERSEDEAS. The supreme court has jurisdiction to grant a supersedeas pending an appeal from a judgment in condemnation proceedings, and Rem. & Bal. Code, § 7783, providing that no appeal from a judgment entered upon an award from a jury shall delay proceedings under an ordinance directing a public improvement, is not applicable thereto, where the award was only for the user by the public of the company's right of way for street purposes, and made no provision for the expense of readjusting its tracks to conform to the surface of the street after it has been brought to the grades established by the ordinance authorizing the improvement, and moreover it was questionable whether the city had the power to condemn land for a street longitudinally over land owned by the company in fee and occupied by its tracks; since it appears that, should the questions raised by the appeal prove meritorious, the constitutional rights of the appellant will be violated if the supersedeas is not granted.

Application filed in the supreme court June 23, 1914, for a writ of supersedeas, pending an appeal from the superior court for King county, Humphries, J., entered January 27, 1914, upon the verdict of a jury, in condemnation proceedings. Granted.

*Scott Calhoun* and *John A. Homer*, for appellants Seattle, Renton & Southern Railway Company.

*James E. Bradford* and *Howard M. Findley*, for respondent City of Seattle.

[1]Reported in 141 Pac. 1137.

FULLERTON, J.—This is an application made to this court for a writ of supersedeas. The record discloses that the city of Seattle, pursuant to an ordinance duly enacted providing for the improvement of Rainier avenue, instituted a condemnation proceeding to acquire the necessary rights and property for that purpose. The improvement sought to be made extended over the avenue for some eight miles, and affected some twelve hundred distinct parcels of property, and some three thousand five hundred persons, among which was the Seattle, Renton & Southern Railway Company, and certain rights and properties owned by it. This company, in addition to owning specific real property affected by the contemplated improvement, owned and operated a railway system, the railway tracks of which extended along the avenue for practically the entire distance of the improvement. For a part of the distance over which the tracks were laid, it owned the fee in the land, and for other parts an easement only. The improvement as directed by the city ordinance provided for a change in the grade of the street which will require a readjustment of the railway company's tracks throughout the entire distance. In the condemnation suit, the city took no judgments at all against the company for some three-fourths of the way, and in the remainder took judgments and awarded damages only for a right of joint user in the street; that is to say, the right to use the street as a public highway jointly with the right of the railway company to use it in the operation of its railway. The railway company appealed from the judgment of condemnation, and the judgment entered on the award of the jury, and subsequent thereto the city paid the amount of the awards into court, and now claims the right to proceed with the improvement notwithstanding the appeal. The supersedeas is asked that action on the part of the city may be stayed pending a hearing of the appeal in this court.

The city contends that, under § 7783 of Rem. & Bal. Code (P. C. 171 § 61), this court is without jurisdiction to grant a supersedeas. That section does provide that no appeal

from any judgment entered upon the award of a jury shall delay proceedings under an ordinance directing a public improvement if the city shall pay into court for the owners and parties interested, as directed by the court, the amount of the judgment and costs, and that such city, after making such payment into court, shall be allowed to enter upon the property condemned and proceed with the improvement, becoming liable to such owner for the payment of such further compensation which may at any time be finally awarded to such owner. This statute undoubtedly has force in a case where specific property has been condemned, and no contest remains further than a contest over the amount of the award. But seemingly there are other and graver questions presented by this appeal, questions which go to the right of the city to enter upon or disturb the appellant's property. As we have said, the award was made only for the user by the public of the appellant's right of way as a highway, and this for a part of the distance only, and no award was made for the expense the company will be put to in readjusting its tracks to make them conform to the surface of the street after it has been brought to the grades established by the ordinance authorizing the improvement. Moreover, the condemnation is sought to be had for the purpose of laying a street longitudinally over land owned by the railway company in fee and occupied by it for its tracks and roadbed, and it is questioned whether authority granted to cities to lay out and improve streets is sufficiently broad to enable it to exercise such a power. It is plain, therefore, that, if it be the rule that the railway company has property in a way over which it has only an easement which cannot be taken without compensation, or if it is entitled to have ascertained and paid into court for its use the costs and damages it will suffer in making the change in its existing tracks which the improvement will require, or if it be found that the statute does not authorize a longitudinal condemnation of a railway right of way, to permit the .

city to enter upon the appellant's property at the present
stage of the proceedings will be to permit it to take and dam-
age such property without first making compensation there-
for, contrary to the positive prohibition of the constitution
of the state.

The merits of the controversy are not now before us, and
it will be understood that we express no opinion on the merits
of the question suggested. They are mentioned for the pur-
pose of showing that the controversy is real, and that, if they
be found meritorious, a constitutional right of the appellant
will be violated if the supersedeas is not granted.

Our conclusion is that the operation of the judgment should
be suspended during the pendency of the appeal, and to that
end a supersedeas order will be entered on the filing of a bond
by the appellant in the sum of $10,000, conditioned for the
payment of such damages as the city of Seattle may suffer
by reason of the appeal should the cause be affirmed. The
bond will be filed with the clerk of the superior court from
which the appeal is taken, to be approved by the judge
thereof.

CROW, C. J., MOUNT, MORRIS, and PARKER, JJ., concur.