[No. 12383.  Department Two.  April 20, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Mary Struntz et al., Plaintiff,* v. SPOKANE COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—RIGHT OF PROPERTY OWNER—ABANDONMENT OF PROCEEDINGS. A decree in condemnation proceedings giving a county a right to appropriate land for a county road upon payment of the award is not an appropriation of the land, entitling the landowner to payment of the award; hence the county could not be forced to proceed to a consummation of the appropriation, when the county board, in the exercise of its legislative discretion, has decided to abandon proceedings; as the courts will not control discretion of a legislative character.

EMINENT DOMAIN—RIGHT OF PROPERTY OWNER UNDER JUDGMENT OF APPROPRIATION. The entry of judgment on an award in condemnation proceedings gives no vested right to the damages awarded, since the condemning party can obtain no vested right in the land until it has paid the award, and hence the other party can have no vested right in the award until, by its payment, title to the land is vested in the condemning party.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered July 30, 1914, upon findings in favor of the defendants, dismissing an action to compel the issuance of a warrant in payment of a condemnation award, tried to the court. Affirmed.

*P. C. Shine* and *Geo. W. Belt,* for appellant.

*George H. Crandell* and *Ira Honefenger,* for respondents.

MORRIS, C. J.—In 1908, the board of county commissioners of Spokane county, pursuant to the power conferred by statute, commenced proceedings to establish a county road in part across and over lands of relators. An award was made to relators for the value of the land to be taken, which was refused, whereupon an action was commenced to condemn the right of way over relators' lands and to ascertain the damages

[1]Reported in 147 Pac. 879.

to be paid, which resulted in a verdict assessing the damages for the land taken, and damages to the remainder of the relators' land because of such taking, in the sum of $2,875. A judgment was entered upon this verdict, which provided that, upon the payment of the award, the county might appropriate the designated part of relators' lands for the purpose of a public highway, with costs to relators. The board of county commissioners were dissatisfied with the amount of this award, and determined to discontinue and abandon the proceeding, serving notice of such abandonment and discontinuance upon relators. Subsequently, relators satisfied the judgment of record, and presenting a certified copy of such satisfaction to the county auditor, demanded a warrant in payment of the judgment, which demand was refused, and relators then sued out a writ of mandamus in which it was sought to require the board of county commissioners to authorize the issuance of a warrant to relators in the amount of such judgment, and to proceed with the establishment of the road. Upon a hearing of this writ, the lower court found the facts as we have recited them, and that a warrant had been refused relators for any part of such judgment "except judgment for costs," and denied the writ. Relators appeal.

Whether or not relators were entitled to the relief prayed for depends upon the right of the board of county commissioners to abandon and discontinue the condemnation proceedings. That such right exists seems clearly established by the great weight of authority. The purpose of an award by a jury or otherwise in condemnation proceedings is simply to fix the amount to be paid by the condemner before it can appropriate land to the desired purpose, and when this price is ascertained, the condemning party, in the absence of statutory provisions to the contrary, has a reasonable time to determine whether to accept or refuse the land at the price fixed. We know of no rule of law that compels a party seeking to condemn land for public use to proceed with the appropriation when in its judgment the price to be paid is exorbitant. The

cost of construction and other necessary expenses are questions which necessarily must be taken into consideration by the board of county commissioners before it can determine whether the financial condition of the county treasury or the funds available for such purposes warrant the construction of a proposed county highway, and it is because of this that such a board is vested with a discretion to determine whether or not it will proceed; a discretion which cannot be properly exercised until it has been definitely, or at least approximately, ascertained what the total cost will be. Since the courts exercise judicial powers only, it follows that this discretion, which is of a legislative character, cannot be controlled by the courts. *Selde v. Lincoln County*, 25 Wash. 198, 65 Pac. 192; *Port Angeles Pac. R. Co. v. Cooke*, 38 Wash. 184, 80 Pac. 305; *Chicago v. Hayward*, 176 Ill. 130, 52 N. E. 26; *Manion v. Louisville, St. L. & T. R. Co.*, 12 Ky. Law 445, 14 S. W. 532; *Poole v. Butler*, 141 Cal. 46, 74 Pac. 444; 1 Elliott, Roads and Streets, § 307; Lewis, Eminent Domain, §§ 656, 955; Dillon, Municipal Corporations (5th ed.), § 1044.

The decree in this case gives to the county the right to appropriate the land of relators upon payment of the award, and this is all that it could do, since, under our constitution, there could be no appropriation until the damages had been first ascertained and paid. The judgment entered on the verdict is, therefore, not an appropriation of the land, and no decree to that effect could be entered until this judgment had been complied with and the money paid into court for the benefit of the relators.

Relators contend that the entry of this judgment on the award gave them a vested right to the money to which the subsequent action of the board could not deprive them. Under statutes such as ours, the rights of the parties are correlative. There can be no vested right in the one party until there is a vested right in the other; and since the condemning party can obtain no vested right in the land until it has paid the award,

it follows that the other party can have no vested right in the award until by its payment title to the land is vested in the condemning party. *North Coast R. Co. v. Gentry*, 73 Wash. 188, 131 Pac. 856; *Bensley v. Mountain Lake Water Co.*, 13 Cal. 307; *Chicago v. Barbian*, 80 Ill. 482; *Chandler v. Morey*, 195 Ill. 596, 63 N. E. 512.

The utmost that relators were entitled to was their costs in the condemnation proceedings. The lower court has found, however, to which no exception was taken, that the refusal to issue the warrant was only to the inclusion of the award, and did not extend to the judgment for costs.

Judgment affirmed.

CROW, ELLIS, MAIN, and FULLERTON, JJ., concur.