[No. 12854. Department One. June 23, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Washington Public Service Company et al., Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—PROCEEDINGS—APPEAL—BOND—NECESSITY. Under the general condemnation act, Rem. & Bal. Code, § 931, providing that no bond on appeal shall be required of any person interested in the property sought to be condemned, an appeal or supersedeas bond is not required upon appeals from an award of damages in condemnation proceedings, and the general statute of appeals, Id., § 1721, requiring a bond on appeal to make the appeal effectual does not apply.

SAME—PROCEEDINGS—COMPENSATION—APPEAL — POSSESSION PENDING APPEAL. Upon the condemnation of a water system of a public service corporation, the city electing to finance the acquisition under Rem. & Bal. Code, § 8008, without recourse to a general indebtedness, by creating a special fund derived from gross revenues and the issuance of bonds and warrants against the special fund, in which the jury awarded damages in the sum of $88,500, while the bond issue authorized by the vote of the people amounted to but $90,000, it cannot be assumed, on appeal from the award, that, upon a reversal and a new trial, a second verdict might be rendered in excess of the legally authorized indebtedness for which the property owner would have no redress, but it must be presumed until the contrary is shown that the trial by jury was fair and regular; hence Const., art. 1, § 16, guaranteeing that no property shall be taken or damaged without just compensation having been first made or paid into court and ascertained by a jury, is not violated by Rem. & Bal. Code, § 7783, providing that no appeal shall delay the proceedings if the city shall pay the amount of the award into court and that the city shall be liable to the owner for any further compensation that may be finally awarded to the party appealing, and § 7784, authorizing the city to take possession upon payment of the award; hence the property owner, on appealing from the award, is not entitled to a writ of prohibition staying the proceedings until the final hearing on the appeal.

SAME—PROCEEDINGS—POSSESSION—DAMAGES—ACCOUNTING — EARNINGS PRIOR TO PAYMENT. Upon the condemnation of a water system of a public service corporation, under Rem. & Bal. Code, §§ 7783,

[1] Reported in 149 Pac. 652.

7784, entitling the city to take possession upon the payment of the jury's award of damages, the city is not entitled to an accounting of the earnings and profits of the condemned property previous to the payment of the money, although, upon such payment, the title relates back to the date of the award.

Application filed in the supreme court May 15, 1915, for a writ of prohibition to the superior court for Pierce county, Clifford, J., to prohibit the entry of a decree in condemnation proceedings. Denied.

*Frank C. Owings* and *Hardy, Woodley & Behrends*, for relators.

*George R. Bigelow* and *P. M. Troy*, for respondents.

HOLCOMB, J.—Olympia, a city of the third class of the state of Washington, by appropriate resolutions and ordinances under the public utilities act of 1909, found in Rem. & Bal. Code, §§ 8005 to 8010 (P. C. 77 §§ 1073-1083), began proceedings to condemn and purchase the water system and plant belonging to the Washington Public Service Company, a corporation, located in and supplying the city of Olympia. After appropriate preliminary proceedings, a change of venue being taken from the superior court of Thurston county to the superior court of Pierce county, a trial was had therein by the jury for the ascertainment of the compensation proper to be paid by the city to the owners of the property. The jury returned a verdict fixing the compensation at $88,500, and judgment was entered for that sum, together with costs of suit, against the city and in favor of the property owners, on April 24, 1915. On May 11, 1915, the condemning city offered a formal decree, to be entered in said cause, appropriating the property condemned, and therewith offering to pay into court the amount of the award and costs as taxed; and further providing that the property owners should account for the profits and earnings of the property from and after the date of the award of the jury on April 20, 1915, together with interest from the date of

the verdict to the date of payment.  The relators seek to pro-
hibit the trial court from making or entering a decree of ap-
propriation as proposed in the cause, "wherein or whereby
possession of the plant and property of the relators shall be
granted to said respondent city pending the hearing and
determination of the appeal of said relators to the supreme
court of the state of Washington in said cause, and until
the final determination of said controversy and until the en-
tering of a final judgment herein, and further prohibiting the
respondent court from requiring the relators or the Wash-
ington Public Service Company, a corporation, from making
any final accounting pending the appeal and until a final
adjudication of the rights of the parties shall have been
made and determined."   A notice of appeal from the award
and judgment was given by relators on May 11, 1915.

The respondents filed a return to the petition for the writ
herein, and admitted each and every allegation contained in
the petition, but, among other things, alleged that no appeal
bond has ever been filed with the clerk of the superior court
of Pierce county nor any money, in the sum of $200 or any
other sum, deposited with the clerk of said court by the re-
lators in lieu of such bond, as provided in Rem. & Bal. Code,
§ 1721 (P. C. 81 § 1193), and no provision has been made
or offered by the relators for the filing of a supersedeas bond
conditioned that the relators shall pay all rents of, or dam-
ages to, the property held by them accruing during the
pendency of the appeal, as provided for by Rem. & Bal.
Code, § 1722 (P. C. 81 § 1195) ; that the time in which the
appeal to the supreme court of this state must be taken
began to run on April 24, 1915, and expired on May 24,
1915, or thirty days from the filing of the judgment ap-
pealed from, as provided in Rem. & Bal. Code, § 7818 (P. C.
171 § 131).

Upon this showing, respondents contend that relators' no-
tice of appeal is ineffectual and has no vital force because of

no bond or supersedeas being given. Section 1721, Rem. & Bal. Code, provides:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in § 1722, be filed with the clerk of the superior court, or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof."

And § 1722, Rem. & Bal. Code, provides that:

". . . in order to effect a stay of proceedings as in this section provided, the bond, where the appeal is from a final judgment for the recovery of money, shall be in a penalty double the amount of the damages and costs recovered in such judgment and in other cases shall be in such penalty, not less than two hundred dollars, and sufficient to save the respondent harmless from damages by reason of the appeal, as a judge of the superior court shall prescribe."

The respondents' condemnation proceedings were brought under the general condemnation act, Rem. & Bal. Code, §§ 921 to 936 (P. C. 171 §§ 173 to 281). Section 931 of that act provides that no bond shall be required of any person interested in the property sought to be appropriated by such corporation, upon appeal by such property owner. These proceedings being in the nature of special proceedings, it would seem that the general statutes relating to appeals in civil cases do not apply, and that no bond is required to be given by the condemnee appealing from a judgment of award in condemnation proceedings. We cannot, therefore, hold that the notice of appeal given by the relators in this case, and admitted by the respondents, is ineffectual.

The principal contention of the relators is that there is no warrant of law for a transfer of title or possession pending an appeal from a judgment assessing the compensation. Relators admit that, by the provisions of the public utilities

act of 1909, Rem. & Bal. Code, §§ 8005 to 8010, inclusive, the city of Olympia is authorized to acquire water works and other public utilities by purchase or condemnation, but point out that two methods are provided for financing the acquisition of the property purchased or condemned; one, by the creation of a general indebtedness, and the other by the creation of a special indebtedness and without the creation of any general liability or obligation on the part of the city. In either event, the proposed acquisition must be submitted to a popular vote. If a general indebtedness is to be incurred, the proposition must be adopted and ratified by three-fifths of the qualified voters of the city voting at such election. If no general indebtedness is to be incurred, such proposition may be adopted by a majority vote. Rem. & Bal. Code, § 8008 (P. C. 77 § 1078), evolves a scheme for financing the acquisition of a public utility without recourse to the creation of a general indebtedness. This scheme requires the creation of a special fund into which the city shall be bound to pay each year a fixed proportion of the gross revenues of the public utility so acquired, and provides for the issuance of bonds or warrants against this special fund, which bonds or warrants shall be a valid claim in favor of the holder thereof only as against such special fund and its fixed proportion or amount of the revenue pledged to such fund, and shall not constitute an indebtedness of such city or town within the meaning of the constitutional provisions and limitations. It appears that the city of Olympia proceeded under this special form of financing the acquisition of the relators' plant. From this the relators contend that the city and its authorities are in this matter wholly without the power to bind the general credit of the city or its tax laying power, and that, therefore, the award of $88,500 for the acquisition of the relators' property might not be sufficient if upon appeal the award below were set aside and a new trial ordered and an increased award made by a jury. The city

and the court below intended to proceed under Rem. & Bal. Code, § 7783, the material parts of which are as follows:

"Any final judgment or judgments rendered by said court [the superior court] upon any finding or findings of any jury or juries, . . . shall be final and conclusive as to the damages caused by such improvement unless appealed from, and no appeal from the same shall delay proceedings under said ordinance, if such city shall pay into court for the owners and parties interested, as directed by the court, the amount of the judgment and costs, and such city, after making such payment into court, shall be liable to such owner or owners or parties interested for the payment of any further compensation which may at any time be finally awarded to such parties so appealing in said proceedings, and his or her costs, and shall pay the same on the rendition of judgment therefor, and abide any rule or order of the court in relation to the matter in controversy.  In case of an appeal to the supreme court of the state by any party to the proceedings the money so paid into the superior court by such city, as aforesaid, shall remain in the custody of said superior court until the final determination of the proceedings."

It is further provided by Rem. & Bal. Code, § 7784, as follows:

"The court, upon proof that just compensation so found by the jury . . . together with costs, has been paid to the person entitled thereto, or has been paid into court as directed by the court, shall enter an order that the city or town shall have the right at any time thereafter to take possession of or damage the property in respect to which such compensation shall have been so paid or paid into court, as aforesaid, and thereupon, the title to any property so taken shall be vested in fee simple in such city or town."

The total sum authorized by the electors to be raised by special fund bonds in the proceedings under consideration is $90,000.  Relators, therefore, contend that conceivably a second verdict might be twice or three times the amount of the first verdict, and in such case the city has no power to render itself generally liable and bound for the payment of such increased sum, and the relators would be without remedy.

The relators also urge that, under the state constitution, art. 1, § 16, they are guaranteed that their property shall not be taken or damaged for public or private use without just compensation having been first made or paid into court for them, which compensation shall be ascertained by a jury unless a jury be waived, as in other civil cases in courts of record, in the manner prescribed by law; and they further urge that a trial by jury is guaranteed by the constitution, that an appeal is guaranteed to them by the constitution, and that the guarantee of trial by jury is not fulfilled until an appeal has been taken, the appeal is passed upon, and the court of last resort has determined whether or not they had a fair trial by jury according to the constitution and the law of the land.

The right to take property for public use without the consent of the owner is the right of eminent domain and belongs alone to the sovereign, but embraces all the cases where, by the authority of the sovereign and for the public good, the property of the individual is taken, without his consent, for the purpose of being devoted to some particular use, either by the state in its sovereign capacity, or by a corporation, public or private, or by a private citizen to whom such right has been granted by the state. Lewis, Eminent Domain (3d ed.), § 1. The right of eminent domain is limited only by the constitution, and the only limitation in this state is that private property shall not be taken for an alleged public use without compensation being first ascertained by a jury, and made or paid into court for the benefit of the owner. In this case, it was shown that a trial by a jury was had, and the principle invoked by the relators would, in effect, be that, upon a notice of appeal being given, this court must presume that the right of trial by jury was violated; or, in other words, that the appellant did not have a fair and impartial trial by jury according to the law of the land. But a contrary presumption holds. It must be presumed that

the trial·by jury was regular and according to the law of the land, until the contrary ·is shown. Until the record of that trial is before us, we cannot assume that the appellant *in* that case did not have a fair trial by jury· as ·guaranteed by the constitution. ·

The statutes of eminent domain· further provide that the only question that can.be determined on an appeal from the award by the jury is the amount of the award. Under constitutions and statutes like ours, we know of no case where it has not been held that the constitutional guaranty. is sufficiently complied with where, after an award has been made in due form of law, the condemner pays the amount of the award into court or pays it to the property owner who accepts it. If the property owner does not accept it and the condemner pays it into court, that complies with the constitutional requirement. The law· simply gives the condemning party· the right to possession of the property for the purposes for which it was condemned. He has the lawful right to enter upon the property and·take possession of it from·the time that he accepts the award of the jury and pays the amount of the award to the property owner or into court for his benefit. As was said by the chancellor in *Beekman v. Saratoga & S. R. Co.*, 3 Paige Ch. (N. Y.), 45, 22·Am.·Dec. 679:

"From the moment that compensation was paid or deposited as the law had directed, the ·right to this property was absolutely vested in the defendants for the use of the railroad [the condemner], and they have a perfect right to enter upon it and appropriate it to that use."

The time, manner, occasion, and method of the exercise of the right. of eminent domain are wholly in the control and discretion of. the legislatures of. the states, except as restrained by. the constitution. Lewis, Eminent Domain (3d ed.), § 238; *Secomb v. Milwaukee & St. Paul R. Co.*, 49 How. Pr. 75.; *Swan v. Williams*, 2 Mich. 427; *Weir v. St. Paul, S. & T..F. R. Co.*, 18 Minn. 155; *Roanoke City v. Berkowitz*, 80 Va. 616; *Consumers' Gas Co. v. Harless*, 131 Ind. 446,

29 N. E. 1062, 15 L. R. A. 505; *First Nat. Bank of Butte v. Boyce,* 15 Mont. 162, 38 Pac. 829; *State v. Dickson,* 3 Mo. App. 464; *In re Rainier Avenue,* 80 Wash. 688, 141 Pac. 1137.

We cannot anticipate that a new trial will be granted upon the appeal by relators, or that, in case a new trial is granted, a second verdict would be greater than the first. We might as well anticipate that a second verdict would be much less than the first as that it would be greater. In case it is less, then the relators have not been injured by the enforcement of the judgment in compliance with the statutes referred to. In case it is greater, the respondents must meet that trouble when it arises. Upon the principal grounds urged by the relators, therefore, we do not believe that they are entitled to a writ prohibiting the entry of the judgment and possession by the condemner. We desire to point out, however, that the form of the judgment offered, and which it is the superior court's alleged intention to enter, provides for an accounting from the date of the award of the jury of April 20, 1915. We assume that this is an inadvertence. Upon due consideration, the superior court would doubtless correct that provision. The city is entitled to no accounting of the earnings and profits of the condemned property previous to the payment of the money to the property owner or into court for his benefit. The property is not taken until the condemner elects to pay the award. Upon that event, the title relates back to the award, but the benefits incident to and accruing from possession do not. The condemner may elect not to pay it at all, and if it so elects, the property owner has no right in the amount of the award. *State ex rel. Struntz v. Spokane County,* 85 Wash. 187, 147 Pac. 879. If it elects to pay the award and does so, or deposits it in court for the owner, from that time, and that time only, it is entitled to possession of the property under our statutes, with all the rights incident thereto. If, afterwards, the condemner loses the property as a result of the judicial proceed-

ings, it would be .compelled to, account, to the owners for the. rents, issues and profits ·received by· it while in· possession.

· We can only grant or deny the writ in whole. We assume·· that this minor matter pointed out in the proposed form of decree has only to be called to the attention· of the respondents to be corrected and avoid the necessity of further proceedings in regard thereto.

The writ is denied.

MORRIS, C. J., MOUNT, and CROW, JJ., concur.