[No. 14539.  Department Two.  March 2, 1918.]

THE STATE OF WASHINGTON, on the Relation of James Z.
Moore et al., Plaintiff, v. THE SUPERIOR COURT FOR
SPOKANE COUNTY, Bruce Blake, Judge,
Respondent.[1]

EMINENT DOMAIN—PROCEEDINGS—ABANDONMENT—EVIDENCE—SUF-
FICIENCY. Abandonment of condemnation proceedings within a rea-
sonable time after the return of the verdict for damages is shown,
where it appears that a motion for a new trial was filed within two
days, and before the same was heard, a new route was obtained and
franchise therefor accepted, and a motion to dismiss the condemna-
tion proceeding was made, all within about four months, which was
a reasonable time, and the company later abandoned that part of
its route, although pending motions dismissing the eminent domain
proceeding were not finally disposed of for two years, the owners
desiring to enforce the award as a money judgment.

SAME—PROCEEDINGS—AWARD—TITLE. An award in condemnation
gives no vested right to the land and no vested right to the award,
until, by payment, the condemning party has obtained the right to
appropriate the land to its use.

Application filed in the supreme court November 21,
1917, for a writ of certiorari to review an order of the
superior court for Spokane county, Blake, J., dismiss-
ing condemnation proceedings.  Denied.

Robertson & Miller, E. H. Sullivan, and S. R. Green,
for plaintiff.

Cullen, Lee & Matthews, for respondent.

MORRIS, J.—Relators, by this writ, seek a review of
the order of the lower court dismissing condemnation
proceedings as to lands of the relators.  The condem-
nation proceedings were commenced in the lower court
on September 7, 1909, by the Chicago, Milwaukee &
Puget Sound Railway Company, seeking to condemn,

[1]Reported in 171 Pac. 248.

among other lands, eight lots belonging to relators in East Side Syndicate addition to Spokane, the railway company, at the same time filing in the county auditor's office, a notice of *lis pendens*. In due time, an order of necessity was made, and on April 18, 1910, a hearing was had for the purpose of ascertaining the amount to be awarded relators for the taking of their land, and a verdict returned fixing the damages at $30,000. Within two days, the railway company, being dissatisfied with the amount of the verdict, filed a motion for a new trial. Nothing seems to have been done by either party relative to this motion until August 27, when a stipulation was made for its hearing on September 3d. In the meantime, on June 21, the railway company obtained a franchise from the city of Spokane to construct a railway line into the city over a route covering the lands of relators, and on August 8th, filed its formal acceptance of such franchise with the city clerk. On September 2d, the railway company filed its motion to dismiss the condemnation proceedings and noted the motion for hearing September 10. Neither the motion for a new trial nor the motion to dismiss was heard at the time noted. On March 8, 1911, relators filed a motion for judgment on the verdict. All of these pending motions seem to have been heard together by the lower court on April 8, 1911, when the lower court granted the railway company's motion to dismiss, conditioned on the entry of judgment on the verdict and the payment of costs to relators. The railway company failed to comply with these conditions, for the reasons now stated that it feared its act might be construed as a waiver of its motion to dismiss. The matter rested in this condition until January 25, 1917, when the railway company filed a second motion to dismiss. On May 31, relators filed a second motion for judgment on the verdict. These

two motions were heard together, and on November 1, 1917, the lower court denied relators' motion for judgment and granted the railway company's motion to dismiss, conditioned, as in the order of April 8, 1911, that judgment be first entered on the verdict, whereupon the proceedings would be dismissed at the cost of the railway company. This is the order up for review.

These facts present the question whether or not the railway company abandoned the condemnation proceedings. We think it clear that it has done so, and that such abandonment took place when it filed its motion to dismiss on September 2, 1910, which was within a reasonable time after the return of the verdict awarding damages. Further evidence of abandonment is shown by the fact that the railway company, upon building its line into Spokane from the east, abandoned that part of the route crossing relators' lands and proceeded by a different route under a trackage agreement with an established railway line. That a railroad may abandon condemnation proceedings after the award of damages is well settled in this state. *Port Angeles Pac. R. Co. v. Cooke,* 38 Wash. 184, 80 Pac. 305; *Port Townsend Southern R. Co. v. Barbare,* 46 Wash. 275, 89 Pac. 710. Such is also the general rule, in the absence of statutory provisions. *Nixon v. Marr,* 190 Fed. 913, 36 L. R. A. (N. S.) 1067; *Cunningham v. Memphis Railroad Terminal Co.,* 126 Tenn. 343, 149 S. W. 103, Ann. Cas. 1913E 1058-1062; Lewis, Eminent Domain (2d ed.), § 656.

The reason for this rule, in states with constitutional and statutory provisions such as ours, is that the land cannot be taken until the damages have been first ascertained and paid. Until that time the rights of the parties have not changed. The condemning party has acquired nothing and the landowner has lost nothing. By the same reasoning that prevents the condemning

party from obtaining any vested right to the land to be taken until the damages have been ascertained and paid, it follows that the owner of the land can obtain no vested right to the award until, by payment, the condemning party has obtained the right to appropriate his land to its use. *State ex rel. Struntz v. Spokane County,* 85 Wash. 187, 147 Pac. 879.

The reason for the long delay in this case is apparent. The railway company regarded the condemnation award as excessive and did not desire to appropriate the lands of the relators at that price. Relators obtained an award which they desired to enforce as a money judgment and not subject themselves to the chances of a second condemnation or the return of a smaller award. If relators' desire had been only to clear their lands of the condemnation proceedings, they could, at any time after the railway company had filed its motion to dismiss, have obtained an order from the lower court dismissing the proceedings on the ground of abandonment; they cannot, therefore, throw the whole burden of this delay upon the railway company, since the opportunity to proceed was as much within their power as within that of the railway company.

We find no error in the order complained of, and the writ is denied.

ELLIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.