[No. 27842. Department Two. December 7, 1939.]

THE STATE OF WASHINGTON, *on the Relation of The City of Seattle, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Howard M. Findley, Judge, et al., Respondents.*[1]

[1]Reported in 96 P. (2d) 596.

*A. C. Van Soelen* and *J. Ambler Newton,* for relator.

*Thos. J. L. Kennedy* and *Emil G. Gustavson,* for respondents.

GERAGHTY, J.—This is an original application for a writ of mandate requiring the superior court of King county to take evidence for the purpose of determining and allowing certain offsets against the judgment affirmed by this court in *State ex rel. Cooper v. Seattle,* 199 Wash. 568, 92 P. (2d) 249.

The facts material to the issue, as they appear in the application for the writ and in the return of the respondents to the show cause order, may be summarized as follows:

Four employees in the light department of the city of Seattle, having civil service standing, instituted an action against the city and certain of its officials, seeking a writ of mandate requiring that they be reinstated in positions they formerly held in the city's service and for payment to them of the salaries attached to such positions during the period of their separation from employment.

For convenience, the parties in that action, as well as in the present one, will be referred to as "employees" and "city."

At the trial of the first action, findings of fact and conclusions of law favorable to the employees were made by the court, and a judgment was entered directing the issue of a peremptory writ of mandate requiring the city to restore the employees to their former employment and to pay them the salaries attached to their positions, from October 21, 1937, to the date of their reinstatement, this date to be determined by the return of the city to the peremptory

writ; the return was required to be made within ten days after entry of the judgment. The judgment also provided for crediting the city with specific amounts which the court found the employees had severally earned in private employment between the date of their suspension and the time of trial.

On the city's appeal, as we have seen, the judgment was affirmed in *State ex rel. Cooper v. Seattle, supra.* After the filing of the remittitur in the superior court, the city made application to the court to set a day for taking evidence

" . . . with respect to the amount of back pay relators [employees] are entitled to accruing since August 3, 1938, the date of the judgment herein, from which an appeal was taken and judgment affirmed, the remittitur having been filed August 9, 1939."

The motion is supported by the affidavit of Mr. Newton, assistant corporation counsel, reciting that

"Affiant is informed, and believes, that each of the relators [employees] herein since the date of said judgment . . . has earned various amounts in private and in City employment which are proper offsets against back pay and which in accordance with the affirmance of the judgment of the lower court should be determined in order that a final judgment may be entered herein; . . ."

The employees, appearing specially, filed a motion to quash the application, challenging the jurisdiction of the court to entertain the motion or to conduct the proceedings thereby contemplated, as being beyond the power of the court and not sanctioned by law. The court made an order granting the employees' motion to quash, and denied the city's application.

In support of its application for the present writ, the city relies upon the language of the remittitur, which, after unconditionally affirming the judgment of the trial court, continues: "And it is further

ordered that this cause be remitted to the said superior court for further proceedings in accordance herewith." The city's contention is that the quoted language in the remittitur contemplates further proceedings by the superior court.

We see no merit in this contention. A reference to the opinion of this court discloses that no further proceedings in the superior court were required or necessary. The language of the remittitur upon which the city relies is part of the printed form used in all cases. If an opinion requires further proceedings or a modification of the judgment, the language of the remittitur is, of course, appropriate; if the opinion embodies no direction or modification, but is an unqualified affirmance, the quoted language of the remittitur has no force, because no further proceedings are required by the opinion.

█ We have uniformly held that a judgment of the superior court appealed to this court and determined upon its merits, becomes, in effect, a judgment of this court, and the trial court is without power, after its remand, to vacate or otherwise modify it on motion or petition, except in such manner as may be necessary to carry out the court's mandate. *In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338, and the cases there cited.

The trial court, therefore, properly dismissed the city's application, because it had no jurisdiction to reopen the case for taking further evidence for the purpose of modifying a judgment affirmed by this court.

█ However, it is said in the *Shilshole* case that the rule announced above is so far modified that this court will,

". . . upon a proper showing made within the year, grant leave to apply to the lower court for the

vacation of a judgment affirmed by this court, for all or any of the causes set forth in § 303 of the code or for any or all of the causes set forth in the chapter of the code included within §§ 464-473."

But the city, in the present proceeding, is not applying for an order authorizing the superior court to reopen the case. It is relying, rather, upon what it incorrectly conceives to be a mandatory direction in the remittitur for further proceedings. Even if we were to treat the present application as one for an order authorizing the reopening of the case for taking further evidence by the superior court, with the view to a modification of the judgment, under Rem. Rev. Stat., §§ 303 [P. C. § 8336] or 464 [P. C. § 8130] *et seq.,* the city has not made a showing sufficient to entitle it to such an order, because the relief it seeks does not fall within any of the specifications of these sections. Apart from this, it failed to make timely application, either to the court below before judgment or to this court before return of the remittitur, for relief in respect to the matter of the present application.

The judgment contained a formula for fixing definitely the amount of back salary accruing to the employees after entry of the judgment, that is to say, for payment up to the date of their reinstatement, to be shown by the city's return to the peremptory writ. No request was made by the city for inclusion in the judgment of a provision looking to the ascertainment of any offsets in its favor accruing after judgment.

Our opinion was filed July 15, 1939, and, under the statute and rules of court, the remittitur would not be sent down for thirty days thereafter. Within this time, the city could have made application for inclusion in the remittitur of a specific direction to the superior court in reference to offsetting any earnings by the employees subsequent to entry of the judgment.

Neither such application nor a petition for rehearing was filed, but, on the contrary, before the thirty-day period had elapsed, the city joined in a stipulation to have the remittitur sent down immediately. The public interest requires that an end shall be put to litigation, and that cases shall not be tried piecemeal.

The writ must be denied.

BLAKE, C. J., BEALS, and JEFFERS, JJ., concur.

STEINERT, J. (concurring)—I concur in the denial of the writ, but believe that it should be without prejudice to the right of the city, upon a proper showing, to apply to this court for leave to have the remittitur recalled for modification of the judgment to the extent of enabling the city to show, and set off against the judgment, the amount of earnings by the employees during the period of the appeal.

