[No. 33896. Department Two. December 27, 1956.]

THE STATE OF WASHINGTON, *Appellant*, v. SMITHROCK QUARRY, INC., *et al.*, *Respondents*.[1]

*The Attorney General* and *Edward E. Level, Assistant,* for appellant.

*John Spiller* and *D. Elwood Caples*, for respondents.

[1] Reported in 304 P. (2d) 1043.

MALLERY, J.—This is a condemnation action in which the state took defendant's property for highway right-of-way purposes.

The jury returned a verdict in the amount of $117,000. The parties had stipulated the amount of $31,900 for certain special damages which were not submitted to the jury. The judgment, which included the verdict and the amount stipulated, was entered on June 8, 1956, in the amount of $152,172.33. The state had deposited $75,000 with the clerk of the court at the time the court had entered its order of public use.

On June 18, 1956, the state transmitted to the clerk of the court the balance of the amount of the judgment in a cover letter, which stated:

"Pursuant to RCW 8.04.090 et seq., as amended by the Laws of 1955, we transmit herewith State Warrant No. 56449 in the amount of $77,172.33 *in final satisfaction* of the judgment entered in the above referenced cause.

"Please acknowledge receipt of said warrant for our records and files." (Italics ours.)

On June 19, 1956, the court made an order disbursing the funds to defendant, which accepted it and satisfied the judgment. The case was then at an end. The state notwithstanding gave notice of appeal nine days later.

The matter is before us upon respondent's motion to dismiss the appeal upon the ground that it is moot, the judgment having been voluntarily paid by appellant prior to giving notice of appeal.

The appellant relies upon RCW 8.04.130 and RCW 8.04.150 [cf. Rem. Rev. Stat., § 899], which gives the state a right of appeal in condemnation cases. It contends that it has the right to appeal notwithstanding the payment into court of the amount of the judgment. It asserts such a right serves a useful purpose when the state needs to (a) avoid the lapsing of an appropriation at the close of a fiscal period, (b) to prevent a lapse of Federal funds under "Section 108 (g), Federal-Aid Highway Act of 1956," and (c) to prevent the accrual of further interest pending settlement of an appeal. The state could have these

and other valid reasons for paying the money into court without intending to pay the judgment thereby. In such a case, however, the payment must be so conditioned as to prevent the court from disbursing it and the landowner from receiving it in full satisfaction of the judgment. Any appropriate reservation attached to the payment that would accomplish this would preserve the right of appeal.

In the instant case, the appellant's letter of transmittal of the money authorized the court to disburse it to respondent as payment of the judgment. The respondent, electing not to appeal, accepted the money and the judgment was thereby satisfied. Having the statutory right to appeal in a condemnation case can avail appellant nothing where the subject matter of the appeal is moot.

The motion to dismiss the appeal is granted.

Donworth, C. J., Hill, Weaver, and Rosellini, JJ., concur.