[No. 34198. Department Two. November 29, 1957.]

THE STATE OF WASHINGTON, *Appellant*, v. ILA C. LAWS *et al.*, *Respondents.*[1]

[1]Reported in 318 P. (2d) 321; 322 P. (2d) 134.

*The Attorney General, Edward E. Level, John K. Pain, Jr., and Thomas J. Greenan, Assistants,* for appellant.

*Cornelius Collier* and *L. Vincent Donahue,* for respondents.

SCHWELLENBACH, J.—This is an appeal by the state from a judgment entered in an eminent domain proceeding. The jury returned a verdict of nineteen thousand five hundred dollars, and judgment in that amount was entered thereon on November 1, 1956.

Notice of appeal was filed on November 7, 1956. February 6, 1957, the state paid into the superior court of Spokane county the sum of $19,556.90 (judgment plus costs). The letter of transmittal indicated that it was reserving the right of appeal. Thereafter, the state took possession of the property involved. The money still remains in the depository of the court.

Our first problem is to determine whether or not the state, by paying into court the amount of the award, plus costs, and by taking possession of the property, waived its appeal.

The appellant contends that its actions were authorized and justified under the provisions of RCW 8.04.150:

"Appeal. Either party may appeal from the judgment for damages entered in the superior court, to the supreme court of the state, within thirty days after the entry of judgment as aforesaid, and such appeal shall bring before the supreme court the propriety and justness of the amount of damage in respect to the parties to the appeal: *Provided however,* That upon such appeal no bond shall be required: *And provided further,* That if the owner of land, the real estate or premises accepts the sum awarded by the jury, the court or the judge thereof, he shall be deemed thereby to have waived conclusively an appeal to the supreme court, and final judgment by default may be rendered in the superior court as in other cases: *Provided further,* That no appeal shall operate so as to prevent the said state of Washington from taking possession of such property pending such appeal after the amount of said award shall have been paid into court. [1891 c 74 § 9; RRS § 899]"

Art. I, § 16, of the state constitution provides:

". . . No private property shall be taken or damaged for public or private use without just compensation having first been made, or paid into court for the owner, . . . "

Chapter 74, Laws of 1891, p. 138, was a complete and comprehensive act providing for the appropriation of lands for public use by the state. RCW 8.04.150 is identical in language with § 9 of the 1891 act.

Three cases have been called to our attention, touching on the problem now before us. *In re Rainier Avenue,* 80 Wash. 688, 141 Pac. 1137, and *State ex rel. Washington Public Service Co. v. Superior Court,* 86 Wash. 155, 149 Pac. 652, involved appeals by the property owners. *State v. Smithrock Quarry, Inc.,* 49 Wn. (2d) 623, 304 P. (2d) 1043, was an appeal by the state.

In the latter case, the state transmitted to the clerk of the court the balance due "in final satisfaction" of the judgment. The following day, the "court made an order disbursing the funds to defendant, which accepted it and satisfied the judgment." Nine days later, the state gave notice of appeal. The court held that, by the state's action,

the case was at an end, the controversy was moot, and the state had lost its right of appeal. In the opinion it was indicated how the state could have protected its rights. Such language, however, was dictum and was not necessary for a determination of the issue then before us.

In the other two cases, the court recognized the right of the condemner, upon appeal by the property owner, to enter upon the property condemned and proceed with the improvement—subsequent to paying into court the amount of the award.

Now to the problem confronting us. Under the constitution, no private property shall be taken for public use without just compensation having been first made, or paid into court for the owner. In this case, was just compensation paid into court *for the owner* before the property was taken? The state paid the money into court, but not as just compensation for the owner. It had already appealed on the ground that the amount awarded was excessive compensation. In *State ex rel. Washington Public Service Co. v. Superior Court, supra,* the court said:

"Under constitutions and statutes like ours, we know of no case where it has not been held that the constitutional guaranty is sufficiently complied with where, after an award has been made in due form of law, the condemner pays the amount of the award into court or pays it to the property owner who accepts it. If the property owner does not accept it and the condemner pays it into court, that complies with the constitutional requirement. The law simply gives the condemning party the right to possession of the property for the purposes for which it was condemned. He has the lawful right to enter upon the property and take possession of it from the time that he accepts the award of the jury and pays the amount of the award to the property owner or into court for his benefit."

Under the statute, either party may appeal. No appeal by the property owner shall operate to prevent the state from taking possession of the property pending such appeal, if the amount of the award shall have been paid into court. The state, on the other hand, cannot take possession of the property and also wage an appeal from the

judgment on the verdict. In order to take possession of the property, it must first accept the award of the jury and pay it into court for the benefit of the owner; as soon as it does so, it waives its right of appeal. The state "cannot have its cake and eat it too."

 The state, in this case, has paid the amount of the award, plus costs, into court and has taken possession of the property. By doing so, it has accepted the award of the jury. The issue of "the propriety and justness of the amount of damage" is no longer an issue. The question is moot.

The appeal is dismissed, and the cause remanded with direction to permit the respondents to withdraw the amount paid into the depository of the superior court by the state.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ.—The foregoing opinion had been prepared by Judge E. W. Schwellenbach before his death. The four surviving members of Department Two have adopted it as their opinion and, for the reasons therein assigned, dismiss the state's appeal and direct that the respondents be permitted to withdraw the amount paid into the depository of the superior court by the state.

[Department One. February 27, 1958.]

HUNTER, J.—On November 29, 1957, this court filed its opinion in this case, dismissing an appeal by the state from a judgment entered in an eminent domain proceeding. The jury returned a verdict of nineteen thousand five hundred dollars, and judgment was entered thereon, in that amount, in the trial court on November 1, 1956.

The respondents, Ila C. Laws (formerly Ila C. Blinn) and Edward J. Kimmett and Mary P. Kimmett, his wife, disagree with the state as to the date interest should commence to run on the judgment. As a consequence thereof, a motion was filed in this court on December 26, 1957, requesting, in effect, an inclusion in the remittitur desig-

nating when interest should start accruing on said judgment.

■ It is proper that we do this, since application has been made within the thirty days subsequent to the filing of this opinion and prior to the sending down of the remittitur. See *State ex rel. Seattle v. Superior Court*, 1 Wn. (2d) 630, 96 P. (2d) 596 (1939).

The appeal was taken by the state on November 7, 1956. On February 6, 1957, the state paid into the registry of the superior court of Spokane county, the full amount of the judgment together with costs, reserving the right to appeal, and took possession of the property involved.

The respondents contend that interest commenced accruing from the date of judgment. The state asserts it was suspended by the filing of the appeal. The applicable statute is RCW 8.28.040 which provides as follows:

"Whenever in any eminent domain proceeding, heretofore or hereafter instituted for the taking or damaging of private property, a verdict shall have been returned by the jury, or by the court if the case be tried without a jury, fixing the amount to be paid as compensation for the property so to be taken or damaged, such verdict shall bear interest at the rate of six percent per annum from the date of its entry to the date of payment thereof: PROVIDED, That the running of such interest shall be suspended, and such interest shall not accrue, for any period of time during which the entry of final judgment in such proceeding shall have been delayed solely by the pendency of an appeal taken in such proceeding."

In the present case, we said:

"Under the statute, either party may appeal. No appeal by the property owner shall operate to prevent the state from taking possession of the property pending such appeal, if the amount of the award shall have been paid into court. The state, on the other hand, cannot take possession of the property and also wage an appeal from the judgment on the verdict. In order to take possession of the property, it must first accept the award of the jury and pay it into court for the benefit of the owner; as soon as it does so, it waives its right of appeal. The state 'cannot have its cake and eat it too.'"

■ The appeal interposed on the part of the state on November 7, 1957, under RCW 8.28.040, suspended the running of interest until the date the state's right of appeal was waived by depositing the money in the superior court of Spokane county and taking possession of the respondents' property. Time for an appeal by the respondents having also expired, the judgment became final at the time of the state's waiver.

■ It is argued that the appeal, nevertheless, was pending until the filing of this court's opinion on November 29, 1957. The statement is correct, but in the appeal we fixed the time the judgment became final by determining when the right of appeal terminated. Interest, therefore, will commence to run at six per cent on the judgment from the day the amount of the judgment was deposited in court and possession of respondents' property was taken, until December 29, 1957, the date the remittitur would normally have been entered but for this motion.

It is so ordered.

HILL, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.