[No. 34784. *En Banc.* July 23, 1959.]

THE STATE OF WASHINGTON, *Petitioner and Relator*, v. EDWARD CALKINS et al., *Respondents*, THE SUPERIOR COURT FOR GRANT COUNTY, *Felix Rea, Judge, Respondent.*[1]

*The Attorney General* and *John K. Pain, Jr., Assistant,* for petitioner and relator.

*Michael R. Donovan* and *Brodie & Fristoe,* for respondents.

FINLEY, J.—The State of Washington, seeking to appropriate 4.2 acres of the defendants' land, brought an action against defendants in March, 1956. In June, 1956, trial was had to determine just compensation, and the jury returned a verdict in the sum of nineteen thousand dollars. The State gave timely *notice of appeal* from the jury's award. On January 11, 1957, after appeal briefs had been filed by both the State and the defendants, and *while the appeal was pending* in the supreme court, the State sent a letter to the Grant county clerk, transmitting a warrant in the sum of $19,096.40, the amount of the jury's award, plus costs. The letter indicated that "by the payment of this sum into court [the state] *does not thereby intend to waive any of its rights to proceed by appeal* or in any other manner as provided by law." (Italics ours.) The State did not take possession of the property in question.

On August 15, 1957, this court filed its opinion (*State v. Calkins,* 50 Wn. (2d) 716, 314 P. (2d) 449), reversing the jury's verdict and remanding the case for a new trial. In January 1958, the State filed a motion to dismiss the action for the reason that .2 acre of the defendants' property, in addition to the 4.2 acres already involved in the litigation, was needed for highway purposes, and that the defendants would not agree to amend the petition on file to include the additional .2 acre. Also, on this date, the State filed a motion to withdraw the money which it had deposited into court. Thereafter, the defendants filed a motion for an order to the clerk to pay the judgment sum to the defendants. The trial court entered an order for the defen-

dants to withdraw the money and denied the State's motion to dismiss the action.

Upon application by the State, this court granted certiorari to review the trial court's ruling.

Art. I, § 16, of the Washington State Constitution, provides, in part:

". . . No private property shall be taken or damaged for public or private use without just compensation having first been made, or paid into court *for the owner,* . . ." (Italics ours.)

The State argues that, since it had already served notice of appeal prior to paying the judgment into court, under the above italicized language of Art. I, § 16, the money was not paid into the court *for the benefit of the owner.* The State relies on *State v. Laws,* 51 Wn. (2d) 346, 318 P. (2d) 321, 322 P. (2d) 134, wherein the court, considering a somewhat similar situation, stated:

". . . Under the constitution, no private property shall be taken for public use without just compensation having been first made, or paid into court for the owner. In this case, was just compensation paid into the court *for the owner* before the property was taken? The state paid the money into court, *but not as just compensation for the owner. It had already appealed on the ground* that the amount awarded was excessive compensation." (Additional italics supplied.)

However, in the *Laws* case, *supra,* the State had proceeded further than it had in the instant case and, in fact, had actually taken possession of the property. In that case the court held that the State, by so doing, had waived any rights it might have had to appeal. The reasoning of the *Laws* case seems quite persuasive in the instant case; *i. e.,* that when the State paid the money into court subsequent to serving notice of appeal, but did not take possession of the property, it did not thereby waive its right to appeal. Upon paying the money into court, under the existing circumstances, the State had no right to take possession. It had not complied with the constitutional mandate laid down in Art. I, § 16, *supra.* The money had not been

paid irrevocably to the owner as just compensation. It is also true that the defendants had no right to this money until the appeal by the State was determined and the precise amount of the award was finally ascertained.

The State paid the money into court ostensibly under authority granted by RCW 8.04.090, *et seq.* Respondents argue that these statutes make no provision for conditional payment; they urge that the attempt of the State to reserve rights of appeal was ineffectual. Respondents query: If this money was not paid into court for benefit of the property owners, then for whose benefit was it paid?

■■ Under our view of the case, it certainly was not necessary for the State to pay the money conditionally. The mere fact that, prior to making the payment, the State had served notice of appeal was sufficient notice that the payment was conditional. It is no answer to say that the statutes do not provide for conditional payment: the constitution requires that the money be paid as just compensation—and this has not been done in the instant case. It is not necessary to determine *why* the State paid the money into court. Furthermore, we believe that the legislature clearly indicated that the State could pay the amount of the judgment into court without waiving its right to appeal. RCW 8.04.130 provides, in part:

"In the event of an appeal to the supreme court of the state by any party to the proceedings, the moneys paid into the superior court by the state pursuant to this section shall remain in the custody of the court until the final determination of the proceedings by the supreme court."

In view of the clear mandate of this statute, we are convinced that payment into court *after notice of appeal has been served* will not operate as a waiver of the right to appeal.

Before the trial in June 1956, a decree of public use and necessity was entered as is required by law. After the jury's award, the trial judge entered judgment entitled, *Judgment and Decree of Appropriation.* The portion of the judgment fixing the amount of the award provided that the State should pay $19,096.40 into the registry of the court

". . . for the owners, tenants and encumbrancers, and all other persons interested therein. . . ." The decree of appropriation provided that, upon payment into the registry of the above sum, the State ". . . shall be and become the owner in fee simple of the lands . . ." in question.

The respondents urge that, under the decree of appropriation, the title to the land vested in the State as soon as the money was paid into the registry of the court. In this connection it is urged that once a decree of appropriation is entered the relator has no right to dismiss its action.

■ In *Public Utility Dist. No. 1 v. Washington Water Power Co.*, 43 Wn. (2d) 639, 262 P. (2d) 976, the court said:

". . . a completed action of eminent domain requires the entry of three separate and distinct judgments during the course of the proceeding. [Citing cases.]

"The first is a decree of public use and necessity. . . . The second is a judgment fixing the amount of the award. The third is the final decree transferring title. [Citing case.] It is apparent, from the procedural scheme of the condemnation acts, that each, in order, is a condition precedent to the entry of the subsequent judgment or judgments."

■ In the case at bar the judgment fixing the award and the final decree of appropriation were combined, but the two are still legally distinct. As was pointed out in *Public Utility Dist. No. 1 v. Washington Water Power Co., supra,* it is necessary that each of the three judgments become final before a subsequent judgment can have any effect. In the present case the judgment fixing the amount of the award was never satisfied, because the relator did not pay the money into court for the owners as the judgment required.

■ It is apparent then that the decree of appropriation never vested title in the State. In *State ex rel. Struntz v. Spokane County,* 85 Wash. 187, 147 Pac. 879, the court stated:

"Relators contend that the entry of this judgment on the award gave them a vested right to the money to which the subsequent action of the board could not deprive them.

Under statutes such as ours, the rights of the parties are correlative. There can be no vested right in the one party until there is a vested right in the other; *and since the condemning party can obtain no vested right in the land until it has paid the award,* it follows that the other party can have no vested right in the award until by its payment title to the land is vested in the condemning party. . . ." (Italics ours.)

 The condemning party has a right to abandon a condemnation action until title to the land vests in it. And, here, title to the land has never vested in the State.

The cause should be remanded with directions that respondents return the money to the registry of the court, and that the State shall have the right to dismiss its condemnation action. It is so ordered.

WEAVER, C. J., MALLERY, HILL, DONWORTH, ROSELLINI, OTT, and FOSTER, JJ., concur.

HUNTER, J. (dissenting)—The following judgment was entered on the verdict against the State as an award for just compensation of certain lands sought to be taken by the State from the defendants, Edward Calkins and Mae Calkins, in condemnation proceedings, providing in part:

"Now, THEREFORE, in accordance with the verdict of the jury returned and entered herein on the 7th day of June, 1956, and the foregoing findings, and the Court being fully advised,

"IT IS ORDERED, ADJUDGED AND DECREED that *Nineteen Thousand Ninety Six and 40/100 — Dollars ($19,096.40) is the total amount of compensation, including costs, to be paid into the registry of the court herein by petitioner, for the owners,* tenants and encumbrancers, and all other persons interested therein, if any, for the appropriation and use by the said petitioner as a right of way for state public road and highway of the following described lands, real estate, premises and other property, together with access rights including air, view and light of the abutting property to the right of way being acquired herein from said respondents in Grant County, Washington, to wit:

" . . .

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED *That upon payment into the registry of the above entitled court*

*of the sum of Nineteen Thousand Ninety Six & 40/100 Dollars, ($19,096.40), and interest from date of judgment, the Petitioner, the State of Washington, shall be and become the owner in fee simple of the lands, real estate, premises and appurtenances and other property sought to be appropriated herein,* being Item No. 1, Parcel 8339, together with the access rights including air, view and light of the abutting property to the right of way being acquired herein from said respondents, and shall be entitled to enter into possession thereof and to take, hold, own and at all times thereafter use and possess the same and that such payment shall be in full for the taking, condemnation and appropriation and use of the same.

. *"It Is Further Ordered, Adjudged and Decreed That upon payment of said award and judgment into the registry of the court in this cause, the Clerk thereof be, and is hereby, ordered and directed to satisfy said judgment* and to hold such sum of money for distribution subject to the further order of this Court.

"Done in Open Court This 18th day of July, 1956.

"Felix Rea Judge" (Italics mine.)

The State appealed from the jury's award. In January, 1957, it deposited into court the sum of $19,096.40, which was the full amount of the award, plus costs, stating in a letter of transmittal:

"Dear Sir:

Re: *State vs. Edward Calkins, et al,*
. *Grant County No. 9629*
*Item No. 1, Parcel No. 8339*

"Pursuant to RCW 8.04.090 et seq., as amended by the Laws of 1955, we transmit herewith state warrant No. *111744* in the amount of *$19,096.40.* The State by the payment of this sum into court [the State] does not thereby intend to waive any of its rights to proceed by appeal or in any other manner as provided by law. . . ."

The State did not take possession of the property.

This court filed its opinion on August 15, 1957, *State v. Calkins,* 50 Wn. (2d) 716, 314 P. (2d) 449, reversing the jury's verdict and remanding the case for a new trial. In January, 1958, the State, desiring to abandon the action, filed a motion for dismissal and a motion for leave to withdraw the money theretofore deposited into court. There-

after, defendants filed a motion for an order directing the clerk to disburse the amount deposited to the defendants.

June 13, 1958, the trial court entered an order directing the clerk to disburse the deposit to the defendants and denying the State's motion for a withdrawal. The money was disbursed by the clerk on June 17, 1958. An order was entered denying the State's motion for dismissal on June 24, 1958.

The State made application for a writ of certiorari, a copy of which was filed with the clerk of the superior court on June 16, 1958, and the original was filed and granted in this court on June 27, 1958, with the return day for September 15, 1958.

The State contends the trial court erred in holding that the deposit of the money into court vested title to the land in the State and to the money in the respondents; that the respondents were not entitled to this deposit unless it was paid for their benefit.

The sole issue posed is: *What was the purpose of the state in paying the money into the court under the judgment?*

The language of the decree was express and precise; upon payment of the amount of the jury's award into court the fee simple title to the land would vest in the State and the clerk was directed to satisfy the judgment. The State did not say it was for any other purpose. The money deposited was in the exact amount of the award, plus costs, as provided by the decree. (There was no interest due, it having been suspended during the pendency of the appeal.) See RCW 8.28.040; *State v. Laws,* 51 Wn. (2d) 346 (pp. 351 and 352), 318 P. (2d) 321; 322 P. (2d) 134 (1957).

The relator relies on the language of *State v. Smithrock Quarry, Inc.,* 49 Wn. (2d) 623, 304 P. (2d) 1043 (1956), wherein we said:

" . . . The state could have these and other valid reasons for paying the money into court without intending to pay the judgment thereby. In such a case, however, *the payment must be so conditioned as to prevent the court from disbursing it and the landowner from receiving it in*

*full satisfaction of the judgment.* Any appropriate reservation attached to the payment that would accomplish this would preserve the right of appeal." (Italics mine.)

In *State v. Laws, supra,* we held that this language was dictum and was not necessary for a determination of the issues then before us. However, giving the language its full import, it is of no avail to the State in that here there was no prohibition in the letter of transmittal that the deposit was not to be disbursed to the landowner or that the judgment was not to be satisfied by the clerk as specifically directed under the decree. It merely stated it did not intend to waive its right of appeal, or any other rights provided by law. This was wholly inconsistent with the State's conduct in making the deposit. The State was aware of the consequences of its action by the provisions of the judgment. If it wished to preserve its right of appeal the deposit should not have been made.

The State argues that the judgment does not become operative unless just compensation is paid into court for the owner under Art. I, § 16, of the Washington State Constitution, which provides as follows:

" . . . No private property shall be taken or damaged for public or private use without just compensation having first been made, or paid into court for the owner, . . ."

The very purpose of the trial was to determine just compensation, which was set forth in the judgment. The money deposited into court *was the just compensation awarded by the jury,* and necessarily for the benefit of the respondent as provided in the decree. As asserted by the respondent, for whom else would it be? The relator's acts and conduct are more compelling than its words. It must be presumed the deposit was for the respondent, in the absence of a statement that it was for the benefit of another.

The state further relies upon certain observations in *State v. Laws, supra,* as follows:

" . . . Under the constitution, no private property shall be taken for public use without just compensation having been first made, or paid into court for the owner. In this case, was just compensation paid into court *for the*

*owner* before the property was taken? *The state paid the money into court, but not as just compensation for the owner.* It had already appealed on the ground that the amount awarded was excessive compensation. . . ." (Italics mine.)

The above language was not necessary for the result reached in the opinion. It should not be applied here in the light of the particular decree before us, which is controlling. The sentence, italicized above, is inconsistent with the express language of the decree in this case. Neither is the decree inconsistent in any way with the section of the constitution above cited. It is not necessary to look to the constitution when the judgment is complete on its face and not in conflict therewith.

The *Laws* case, *supra*, was decided on the theory that the State had accepted the verdict by taking possession. In this case, by the clear language of the decree, title vested in the State upon payment of the money thereunder into court, which entitled the State to take possession. The physical taking of possession would add nothing to the fee simple title in the land which the State already had.

All proceedings before this court in the appeal, after the payment of the money into court in January 1957, became moot and of no effect, the judgment at that time having become operative.

The trial court did not err in entering its order directing the clerk to disburse the funds to the respondent owners of the land, their fee title having vested in the State. The orders denying the State's motions for withdrawal of the funds and for dismissal of the condemnation action were correctly entered.

The above orders of the trial court should be affirmed.