SCHOOL DISTRICT No. 1, APPELLANT, *v.* POWERS ET AL., RESPONDENTS.

(No. 4,611.)

(Submitted January 9, 1922. Decided January 23, 1922.)

[204 Pac. 598.]

*Eminent Domain — Abandonment of Proceedings — When Proper.*

Eminent Domain—Title Passes, When.
    1. Title to land condemned for a public use does not pass until payment is made or tendered.

Same—School Districts—Abandonment of Proceedings After Judgment Fixing Compensation.
    2. A public corporation, such as a school district, may abandon condemnation proceedings after judgment on appeal from the award of the board of appraisers, where defendant land owners had suffered neither inconvenience nor damage by reason of the institution of the proceedings beyond the costs legally incurred by them.

*Appeals from District Court, Silver Bow County; Edwin M. Lamb, Judge.*

---

    1. The question as to when title passes in eminent domain proceedings is discussed in a note in 16 L. R. A. (n. s.) 537.

    2. At what stage eminent domain proceedings may be discontinued, see notes in Ann. Cas. 1913E, 1062; Ann. Cas. 1916B, 1174; Ann. Cas. 1918D, 948; 28 L. R. A. (n. s.) 91; L. R. A. 1916C, 644.

PROCEEDINGS by School District No. 1, Silver Bow County, against John Powers and another to condemn land for school purposes. From a judgment in favor of defendants and from an order denying plaintiff's motion to dismiss the proceeding plaintiff appeals. Reversed.

*Mr. N. A. Rotering, Mr. F. L. Riley* and *Mr. A. C. Mc-Daniel,* for Appellant, submitted a brief; *Mr. George Bourquin* argued the cause orally.

Has the plaintiff the right to abandon the proceedings? We believe it has at any time before the actual payment of compensation for the property condemned. (See Lewis on Eminent Domain, secs. 656, 657.)

The California statutes on this matter are the same as the Montana statutes. The supreme court held to the view we entertain in the case of *Pool* v. *Butler,* 141 Cal. 46, 74 Pac. 444. This is a construction by the supreme court of the state from which the Montana Codes were adopted. This construction should be controlling, as there appears no good reason why a different construction in this state should be made. Though this decision was rendered after the adoption of the Montana Codes in 1895, yet the ruling should be considered a part of the law of Montana, for the reason that the Supreme Court of California in the earlier cases of *Fox* v. *Western Pacific R. Co.,* 31 Cal. 538, decided January, 1867, *Lamb* v. *Schottler,* 54 Cal. 319, decided January, 1880, and *Bensley* v. *Mountain Lake Water Co.,* 13 Cal. 306, 73 Am. Dec. 575, decided April, 1859, held to the same effect. These cases further hold that the plaintiff is under no obligation to take the property, if the terms, when ascertained, are not satisfactory. (See, also, *State ex rel. Moore* v. *Superior Court,* 100 Wash. 481, 171 Pac. 248); *Manion* v. *Louisville, St. L. & T. Ry. Co.,* 90 Ky. 491, 14 S. W. 532.)

The case of *Denver & N. O. R. Co.* v. *Lamborn,* 8 Colo. 380, 8 Pac. 582, goes into the subject more fully than any case we

have found. The entire opinion deals with abandonment, and makes one point, not covered in the other cases cited, that the general statute on dismissal of actions does not apply to condemnation proceedings. (See, also, the following: *Corbin v. Cedar Rapids etc. Ry. Co.*, 66 Iowa, 73, 23 N. W. 270; *Louisville, N. O. & T. R. Co.* v. *Ryan,* 64 Miss. 399, 8 South. 173; *Stevens* v. *Borough of Danbury,* 53 Conn. 9, 22 Atl. 1071; *Blackshire* v. *Atchison, T. & S. F. Ry. Co.,* 13 Kan. 514; *Florida, C. & P. R. Co.* v. *Bear,* 43 Fla. 319, 31 South. 287; *Chandler* v. *Morey,* 195 Ill. 596, 63 N. E. 512; *Atchison, T. & S. F. Ry. Co.* v. *Wilson,* 66 Kan. 233, 69 Pac. 342; *District of Columbia* v. *Hess,* 35 App. D. C. 38; *Speer* v. *Monongahela R. Co.,* 255 Pa. 211, 99 Atl. 810; *Kanakanui* v. *United States,* 244 Fed. 923, 157 C. C. A. 273; *Georgia Ry. & P. Co.* v. *Mooney,* 147 Ga. 212, 93 S. E. 206; *Portland & O. C. Ry. Co.* v. *McGrath,* 88 Or. 346, 171 Pac. 1181.)

*Messrs. Binnard & Rodger,* for Respondents, submitted a brief; *Mr. Joseph Binnard* argued the cause orally.

We submit that the question as to the precise time in which an abandonment may be effected depends entirely upon the constitutional and statutory provisions of the respective state. These differ so greatly concerning this branch of the law that a decision from one state is scarcely of any assistance as a precedent in another. In jurisdictions where the common law prevails we find very little comfort in attempting to harmonize the decisions with those of the Code states. In the state of Idaho, where the statutory provisions are in all essential particulars the same as our own, the question now under consideration was presented in the case of the Big *Lost River Irr. Co.* v. *Davidson,* 21 Idaho, 160, 121 Pac. 88, where the court held that the proceeding could not be abandoned as is sought to be done in this case.

In the case of *Cunningham* v. *Memphis R. Terminal Co.,* 126 Tenn. 343, Ann. Cas. 1913E, 1061, 149 S. W. 103, the court says: "We therefore fix the date at which a nonsuit may

be taken in a condemnation case in this state at the time when the case has been finally submitted to the jury on a trial in the circuit court before the court and jury, and before the jury has retired to consider of its verdict.'' The rule in Kentucky is, if a person or corporation seeking to condemn land is dissatisfied with the assessment, they must discontinue before it has been confirmed. (*Duncan* v. *Mayor of Louisville*, 8 Bush (Ky.), 98.)

When public officers, proceeding under a statute to condemn land for public use, have the value of the land and the amount of damages appraised, if this report is confirmed by the court they cannot discontinue the proceedings without the consent of the land owner, but must proceed to make compensation. (*In Matter of Water Commissioners of Jersey City*, 31 N. J. L. 72, 86 Am. Dec. 199, and note; *In re Palisades Interstate Bank* v. *Haverstraw C. R. S. Co.*, 216 N. Y. 104, L. R. A. 1916C, 641–644, 110 N. E. 260.)

In Louisiana it is held that the confirmation of the award vests the rights of the parties and precludes discontinuance. (*In re New Orleans*, 4 Rob. (La.) 357; *In re New Orleans*, 20 La. Ann. 497.) In Maine it is also held there can be no discontinuance after confirmation of the award. (*Furbish* v. *Kennebec County Commrs.*, 93 Me. 117, 44 Atl. 364.)

In New York it has been held by a long line of cases that the right to discontinue exists until the confirmation of the award, but not afterward. (*Matter of Washington Park Commrs.*, 56 N. Y. 144; *Matter of Rhinebeck etc. R. Co.*, 67 N. Y. 242; affirming, 8 Hun, 34; *Matter of Board of Education*, 59 App. Div. 258, 69 N. Y. Supp. 572; *In re Mt. Vernon Ave., New York*, 127 App. Div. 650, 111 N. Y. Supp. 895; affirmed, 193 N. Y. 658, 87 N. E. 1123; *People* v. *Morris*, 143 App. Div. 293, 128 N. Y. Supp. 74.)

In Wisconsin it is held that the judgment in condemnation proceedings fixes all the rights of the parties and after judgment there can be no discontinuance. (*State* v. *Mills*, 29 Wis. 322; *Milwaukee etc. R. Co.* v. *Stolze*, 101 Wis. 91, 76 N. W.

1113; *Sprague* v. *Northern Pac. Ry. Co.*, 122 Wis. 509, 106 Am. St. Rep. 997, 100 N. W. 842; *Jeffery* v. *Chicago etc. R. Co.*, 138 Wis. 1, 119 N. W. 879. See, also, *Weiser Valley Land & Water Co.* v. *Ryan,* 190 Fed. 417, 111 C. C. A. 221.)

MR. JUSTICE COOPER delivered the opinion of the court.

On the seventh day of September, 1918, the plaintiff, the board of school trustees of school district No. 1 of Silver Bow county, passed a resolution reciting that it was necessary to condemn lot 3 in block 70 of the Butte town site for school purposes. Upon the resolution this proceeding was instituted in the district court of Silver Bow county. The defendant Powers owns the fee, and on the date of the commencement of this proceeding Downing held a lease on the real estate running to May 1, 1920. The issues were made up by the complaint, the separate answers of each of the defendants, and replies thereto. On January 25 following appraisers appointed by the court returned reports estimating the interest of Powers to be of the value of $14,500, and that of Downing in the sum of $2,750. From these awards plaintiff appealed to the district court, where, upon a trial by court and jury, the awards were increased from $14,500 to $18,500, and from $2,750 to $4,000, respectively. Judgments were entered upon these verdicts on April 12, 1912. Motions· for new trials were thereafter made and by the court denied.

By resolution passed by the plaintiff board on September 30, 1919, it elected to abandon the proceedings altogether and to relinquish "any and all claims it might have against either or both of the defendants for or on account of the condemnation proceedings." Pursuant to the resolution, the plaintiff, on October 25, 1919, moved to dismiss the proceeding in its entirety. This motion the court also denied, and plaintiff appeals to this court for a vindication of its right to abandon the project and dismiss the proceeding. If the plaintiff is correct in its contention, we are absolved from a consideration of the appeal upon its merits.

Plaintiff is a public institution, and, in seeking to subject the property of the defendants to school purposes, is serving the people at large within the confines of the school district. Preliminarily we may inquire what, if any, changes the proceedings have wrought in the situation of the parties or the condition of the property. The record fails to disclose any transfer of title or disturbance of possession. The plaintiff has made no deposit of money and has refused to satisfy the judgments. Defendants have suffered neither inconvenience nor damage by reason of the institution or prosecution of the proceedings, at least beyond the costs legally incurred in their defense. No contract was ever made between the parties. The proceeding is in the nature of an inquest upon the part of the board for the purpose of ascertaining the benefits or losses which will accrue to the owners by reason of the proposed taking. What are the judgments returned? The following language will be found in each of them: "That the plaintiff pay as compensation to [naming him] the person entitled thereto the amount ascertained by said verdict [specifying the amount] together with his costs:"

The board, in virtue of its right of eminent domain granted by the Constitution, is authorized, upon making just compensation therefor, to take the property for public purposes. The amount to be paid must be just, not merely to the individual whose property is taken, but to the public which is to pay for it. Section 14 of Article III of our Constitution provides that: "Private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner." Indeed, it seems generally to have been held, where the constitutional provision is [1, 2] simply that private property shall not be taken without compensation, as ours does, that title to the land does not pass until actual payment or tender of compensation. (Note, 16 L. R. A. (n. s.) 538.) The inspection of the property and the appraisal of the damages are merely preliminary steps to ascertain the terms upon which the property can be taken for

the purpose desired, if the board shall eventually see fit to use it for school purposes. If it is accepted and the board concludes to take it, that acceptance and that taking is consummated only by a payment or deposit of the money for the use of the owner as finally awarded. (*Baltimore etc. Ry. Co.* v. *Nesbit,* 10 How. (U. S.) 395, 13 L. Ed. 469 [see, also, Rose's U. S. Notes].) The effect of the ruling of the trial court, if carried out, would be to give the defendants the money of the school district for property it had not actually taken, and upon which it had not in fact entered for that purpose, merely because the legal formalities looking to its taking had been carried to judgment. As is said by the supreme court of Washington in *State ex rel. Struntz* v. *Spokane County,* 85 Wash. 187, 147 Pac. 879: "We know of no rule of law that compels a party seeking to condemn land for public use to proceed with the appropriation when in its judgment the price to be paid is exorbitant. The cost of construction and other necessary expenses are questions which necessarily must be taken into consideration by the board of county commissioners before it can determine whether the financial condition of the county treasury or the funds available for such purposes warrant the construction of a proposed county highway, and it is because of this that such a board is vested with a discretion to determine whether or not it will proceed—a discretion which cannot be properly exercised until it has been definitely, or at least approximately, ascertained what the total cost will be. Since the courts exercise judicial powers only, it follows that this discretion, which is of a legislative character, cannot be controlled by the courts." Numerous authorities in support of the doctrine announced, including Lewis on Eminent Domain, sections 656, 955, 1 Elliott on Roads and Streets, section 307, and Dillon on Municipal Corporations (fifth edition), section 1044, are cited in the opinion; and while the issue involved the condemnation of a county road, the principle announced is just as applicable to the present situation.

In the second edition of Nichols on Eminent Domain, section 417, page 1099, the following is to be found: "In the states in which condemnation is effected by judicial proceedings it is almost universally held that the mere fact that compensation has been assessed does not prevent a discontinuance of the proceedings. In fact, one of the strongest arguments in favor of this method of exercising the power of eminent domain is that public policy requires the cost of a public improvement to be ascertained before it can be finally determined that it is advisable to undertake the work, and that this cannot be done until the compensation for the land has been finally assessed by the jury or other tribunal required by the constitution or statutes. The award in such states is merely an offer which the public agency contemplating the work may accept or decline as it sees fit."

The district court, in denying the plaintiff's motion to dismiss the proceeding, was wrong. The order appealed from is reversed, with directions to sustain the motion to dismiss.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY. and GALEN concur.

Rehearing denied March 6, 1922.