[No. 6512.  Decided March 22, 1907.]

OREGON RAILROAD & NAVIGATION COMPANY, *Respondent*,
v. E. J. McCORMICK, *Appellant*.[1]

EMINENT DOMAIN—PROCEDURE—JURIES—STATUTES—REPEAL. Laws 1905, p. 270, providing a general method for the selection of juries in superior courts, expressly made applicable "whether in special proceedings or otherwise," and repealing all laws in conflict therewith, repeals the special procedure theretofore existing for summoning jurors in condemnation cases.

APPEAL—RECORD—TRANSCRIPT. The order calling for the issuance of a special jury venire, and records showing the issuance of a venire and selection of a jury from the jurors summoned, are properly part of the record to be certified by the clerk as part of the transcript on appeal without any bill of exceptions or statement of facts.

JURY—RIGHT TO TRIAL BY—WAIVER. Defendant waives a jury by his default and failure to demand the same, under Laws 1903, p. 50.

EMINENT DOMAIN — PROCEDURE — APPEAL — REVIEW. Under Bal. Code, § 5620, providing that, upon waiver of a jury, the issues shall be tried by the court, it is prejudicial error, where defendant in condemnation proceedings has waived a jury by defaulting, to have the damages assessed by a jury which was not selected in the manner provided by law.

SAME—DEFAULT—JUDGMENT. Appeal lies from a default judgment in condemnation proceedings for error in having the damages assessed by a jury not summoned in the manner required by law, without moving to vacate the judgment or having called the same to the attention of the trial court.

SAME—SELECTION BY JURY. Upon default in condemnation proceedings, it is the duty of the petitioner, on moving for a jury to assess damages, to see that the jury is selected in the manner required by law.

Appeal by defendant from a judgment of the superior court for Walla Walla county, Brents, J., entered June 15, 1906, in condemnation proceedings, upon the verdict of a jury assessing damages to property taken for public use. Reversed.

[1]Reported in 89 Pac. 186.

*Brooks & Bartlett*, for appellant.

*W. W. Cotton* and *Lester S. Wilson* (*Snow & McCamant*, of counsel), for respondent.

HADLEY, C. J.—This is a condemnation proceeding. The use for which the petitioner asks the property was adjudged to be a public one. The owner was served by publication summons and made no appearance. A trial upon the question of damages was had before a jury. A verdict was returned, and the court rendered judgment thereon against the petitioner and in favor of the owner for $375. The owner has appealed from the judgment.

Appellant assigns as error that the trial court caused an open venire to be issued for the summoning of jurors to serve in the cause, and that a jury was impaneled from persons so summoned, rather than from persons selected as provided by chapter 146 of the Laws of 1905. The jurors were selected in conformity with the provisions of Bal. Code, § 5640 (P. C. § 5105), and if that law was in force at the time, the court did not err. It will be observed that the section is a part of the statute upon the subject of eminent domain, and that special procedure is provided for condemnation cases. Appellant contends, however, that the provisions with respect to the selection of the jury are repealed by the later statute, Laws of 1905, page 270 *et seq.*, which provides a general method for the selection of jurors in superior courts. Section 15 of that statute, especially when taken together with § 16, the repealing section, appears to clearly indicate the purpose of the legislature to require all juries in special proceedings, or any other, to be selected according to that act. Section 15 is as follows:

"All juries in any of the superior courts in this state in counties of the first fifteen classes, whether grand or petit and whether in special proceedings or otherwise, shall be selected as in this act provided."

We see no room for two opinions upon the subject. It is true an act relating to general procedure is ordinarily held

not to repeal others providing for special procedure, unless it is made clear that such repeal was intended. The intention, however, for the statute of 1905 to supersede all special provisions for selecting the jury is so manifest that it must be held that the provision of § 5640, *supra,* for selecting the jury in condemnation cases, has been repealed.

Respondent has, however, moved to strike from the transcript all matters pertaining to the selection of the jury, on the ground that such matters have not been included in any statement of facts certified by the court. It is argued that with these matters stricken, there is nothing in the record to show that the jury was not selected in accordance with the provisions of the act of 1905. The clerk has certified as a part of the transcript an order calling for the issuance of a special venire in this case; also certain records showing that such a venire was issued and that the jury in the cause was selected from jurors so summoned. The records with reference to the preparation of the jury lists for Walla Walla county under the act of 1905 for the trial of general causes are also certified. If these several records are here so that they may be considered, then it is manifest that the jury that tried this cause was not selected in the manner provided by the act of 1905. This court squarely held, in *State v. Vance,* 29 Wash. 435, 70 Pac. 34, that such records are a part of the records of the court in each case tried by jury, and that, by virtue of their nature and purpose, when they are properly certified by the clerk they will be considered on appeal, independently of any bill of exceptions or statements of facts. The motion to strike must therefore be denied, and it must be held that the record advises us that the jury was not selected in accordance with the law existing at the time.

Inasmuch as appellant did not appear in the action, what are his rights in the premises? He was served by publication, and the record does not disclose whether he had actual notice of the trial or not. In any event, he was served in a manner recognized by law, and he was, therefore, in law before

the court so far as notice was concerned. By his default and failure to demand a jury, he should be deemed primarily to have waived the jury. Laws of 1903, page 50, § 1. In the event the jury is waived, Bal. Code, § 5620 (P. C. §5039), provides as follows:

"In case a jury is waived, as in civil cases in courts of record, in the manner prescribed by law, the compensation to be paid for the property sought to be appropriated shall be ascertained and determined by the court or the judge thereof, and the proceedings shall be the same as in trials of an issue of fact by the court."

When, therefore, appellant waived the jury by his default, he had the right to expect that, if respondent also waived it, the cause would then be tried in the manner provided by the statute quoted above; that is to say, by the court. He had the further right to expect that, if the respondent did not waive a jury, the cause would then be tried by a jury selected in the manner provided by law. It is apparent that his rights in the premises were not observed, and we think that the rights invaded are of such a substantial nature that the failure to observe them should be held to have been prejudicial error.

But respondent says that appellant should have moved to vacate the judgment, or that he should have in some manner brought this question before the trial court, in order to entitle him to a review here. If he had appeared or been present at the trial, it would undoubtedly have been his duty to object to the course pursued in order to have placed him in position to raise the questions here. But since he had the right to rely upon the court to ascertain his damages in the manner provided by law, before his property should be taken through the power of the court's process, he should not now be deprived of the right to a review merely because he was not present to object. This court long since held that a judgment by default is a final one from which an appeal lies as from any other final judgment. *Rhode Island Mtg. etc. Co. v. Spokane*, 19 Wash. 616, 53 Pac. 1104. Since

an appeal lies from the default judgment itself, it is not necessary, as respondent argues, that appellant should have moved for the vacation of the judgment. In that event, the appeal would have been from an order refusing to vacate the judgment. But this additional step is not required under the authority of the case cited. The case holds that the appeal may be from the final judgment, and adopting the language of the California supreme court in *Hallock v. Jaudin*, 34 Cal. 167, this court quoted therefrom as follows:

"As to the right of appeal, there is no distinction between judgments by default and judgments after issue joined and a trial. The former is as much a final judgment as the latter, and the statute gives a right to appeal from all final judgments without distinction. From this it follows that all errors disclosed by the record can be reviewed and corrected on an appeal from the former class of judgments as well as the latter."

It is probably true that the trial court's attention was not called to the conflict between the statute of 1905 and the former provision in the condemnation statutes with reference to selecting the jury. The selection of the jury under the former statute had been the method but recently in vogue in condemnation cases, and it is not improbable that the point was overlooked by counsel for respondent and that it was not mentioned to the court. The record shows that the jury was called upon the motion of respondent, and it therefore became its duty to see that the jury was selected in a lawful manner. Failing in this, respondent should suffer a reversal of the judgment rather than that appellant's property should be taken without the ascertainment of his damages in the manner provided by law.

The judgment is reversed, and the cause remanded with instructions to grant a new trial upon the question of damages, and to proceed in accordance with this opinion.

ROOT, FULLERTON, MOUNT, CROW, and DUNBAR, JJ., concur.