[No. 10166. Department One. March 20, 1912.]

THE CITY OF SPOKANE, *Appellant*, v. WILLIAM H. COWLES *et al., Respondents.*[1]

EMINENT DOMAIN—APPEAL—RIGHT TO APPEAL—WAIVER—PAYMENT OF AWARD—CESSATION OF CONTROVERSY. A city cannot, after paying an award in condemnation proceedings into court, appeal therefrom, as the controversy has ceased, in view of Rem. & Bal. Code, § 7783, providing that an award of damages in condemnation proceedings shall be final unless appealed from, making payment of the amount into court an indispensable condition of possession of the property, and providing that after payment, the city shall be liable to the owners for any further compensation which may be

[1]Reported in 121 Pac. 463.

finally awarded to the parties appealing, and that acceptance of the sum awarded shall waive the right to appeal, whereupon final judgment may be rendered as in other cases, and Id., § 7784, providing that, upon payment of the award, title shall vest in the city, and Const., art. 1, § 16, prohibiting the taking of private property until compensation therefor in money shall be first ascertained and paid into court.

Motion to dismiss an appeal from a judgment of the superior court for Spokane county. Granted.

*F. M. Dudley* and *Cullen & Lee*, for appellant.

*Merritt, Oswald & Merritt*, for respondents.

CHADWICK, J.—The city of Spokane granted a franchise to the Chicago, Milwaukee & Puget Sound Railway Company, to lay its tracks along one of its streets. By the terms of the franchise, it was agreed that, inasmuch as the plan of the company would require a change of grade, the city would institute and prosecute all actions that might be necessary for the purpose of ascertaining and settling the damages to abutting property owners. It was further agreed that all damages and costs, excepting attorney's fees, should be paid by the railway company. The proceeding was accordingly begun, resulting in a judgment in favor of certain property owners; among others, H. W. Boone and wife and the Merrick Investment Company, a corporation. After the entry of the judgment, the railway company paid into the registry of the court the full amount awarded to the property owners named. Thereafter the city gave notice of appeal. Boone and wife and the Merrick Investment Company have appeared here and moved to dismiss the appeal.

The grounds of the motion are that the city of Spokane has no interest in the judgment which would entitle it to appeal after the payment of the award to the clerk of the court by the real party in interest; and further that, if the city could not be affected in any way by the judgment, it has no right of appeal under the statutes of this state. Mr. Dud-

ley, attorney for the railway company, has filed an affidavit in resistance of the motion, in which he says:

"That said payment was so made under the advice of affiant, to the end that the city of Spokane might proceed without delay with the work of elevating the grades of Front avenue and Division street, and in order to enable it so to do. That it was no purpose of the said railway company, or of the said city of Spokane by said payment to waive any right of appeal in said cause. That the said railway company re- quested the city of Spokane to take the appeal which is be- ing prosecuted in this action, and said appeal is being pros- ecuted in the interest of the said city of Spokane and of said railway company."

Section 7783, Rem. & Bal. Code, after declaring the ef- fect of a judgment in this class of cases, provides:

"Such judgment or judgments shall be final and conclu- sive as to the damages caused by such improvement unless appealed from, and no appeal from the same shall delay pro- ceedings under said ordinance, if such city shall pay into court for the owners and parties interested, as directed by the court, the amount of the judgment and costs, and such city, after making such payment into court, shall be liable to such owner or owners or parties interested for the pay- ment of any further compensation which may at any time be finally awarded to such parties so appealing in said pro- ceeding, and his or her costs, and shall pay the same on the rendition of judgment therefor, and abide any rule or order of the court in relation to the matter in controversy. In case of an appeal to the supreme court of the state by any party to the proceedings the money so paid into the su- perior court by such city, as aforesaid, shall remain in the custody of said superior court until the final determination of the proceedings. If the owner of the land, real estate, prem- ises, or other property accepts the sum awarded by the jury or the court, he shall be deemed thereby to have waived con- clusively an appeal to the supreme court and final judgment may be rendered in the superior court as in other cases."

Art. 1, sec. 16, of the constitution is in part as follows:

"No private property shall be taken or damaged for public or private use without just compensation having been first

made, or paid into court for the owner, and no right-of-way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in courts of record, in the manner prescribed by law."

It is the theory of the appellant that, having paid the money into court for the owner, an appeal will lie under the section of the statute hereinbefore quoted.

Mr. Lewis, in the latest edition of his work on Eminent Domain, § 807, says:

"If the petitioner pays the damages awarded, this will, in the absence of any statute, waive an appeal, but the deposit of damages for the purpose of obtaining possession will not deprive the petitioner of the right of appeal."

Many cases are cited to sustain the text, but reference to them will disclose the hardihood of the author in attempting to lay down any hard and fast rule; for, without exception, the cases are made to depend in their final analysis upon local statutes and constitutional provisions. Unless this is kept clearly in mind, the authorities would seem to be chaotic. A review of them would serve no purpose in this opinion.

Under the authorities, we have no doubt that the legislature might have provided that, in so far as the acquisition of a right of way is concerned—and this term would probably include the right to acquire a street or to put an added burden upon a street—the city might appeal from the judgment without forfeiting the right to take possession of the property and prosecute its work pending an appeal. It will require no more than a casual review of the authorities, however, to detect the principle upon which the courts have seemingly favored municipalities in this regard. It is that, in such cases, the municipality is not and should not be required to pay the compensation into court as a condition precedent to possession; for it is understood that cities and

towns must raise their revenue by taxation, and that a judgment in an eminent domain proceeding operates as a lien upon all the property of the taxing district, and will be surely paid in due course. This, it is held, satisfies the constitutional provision that property shall not be taken without just compensation. But it will be noticed that our statute does not go to the same extent. It provides for payment unconditionally. In so far as payment goes, it leaves the city in the same situation that a public service corporation would be in if it were prosecuting a like proceeding. It has made the payment into court an indispensable condition of possession. The statute is final in so far as the city is concerned. It provides for the payment of such *further* compensation as may be allowed *over* the amount paid in, indicating that the only issue on a new trial would be the question whether a *greater* sum should be awarded. Again, § 7784 provides that, upon payment of the award—and this, we think, means the payment referred to in § 7783—title shall vest in the city. Thus construed, the meaning of these statutes is simple enough. It is that the fund is substituted for the property, and may be withdrawn by the owner if he desires to do so. It is a payment within the meaning of the statute and the constitution. Title to the property passes to the city. Title to the money, if the owner sees fit to accept it, passes in virtue of his acceptance.

The necessity for the present statute was well understood by the profession at the time of its passage. It was to give the city the right to pay the compensation, take possession, and proceed with its work, provided the owner refused payment when tendered or was unknown. The rights of the parties are mutual, and so far as our law is now written, the right to possession follows, and cannot precede, payment of compensation to the owner, or into the registry of the court for his use. Payment by the condemning party, as the term is used in the constitution and the statute, means an affirmance of the judgment. The right of the landowner cannot

be frittered away so as to allow a condemning party to make a deposit of the award in court and then take possession, leaving to the claimant the burden of a lawsuit. It was to avoid the oppression of continued litigation at the instance of the condemner that provision for payment was made. The difference between payment into court and the mere deposit of the money is vital. By a deposit, an owner is deprived of the use of his property and of the rents, issues, and profits flowing therefrom. The money lies in court at the risk of the landowner, but without profit to him; and in case of its loss or embezzlement, the condemner would be exonerated and the property owner put to the possibility of further litigation. A deposit is not a payment. It is not what the constitution or statute says, nor what they intend. If the claimant is not satisfied, he may appeal, thus taking upon himself the burden of continued litigation. If, on the other hand, the municipality is satisfied, it may manifest that satisfaction by paying the money into the clerk of the court when payment is refused by the landowner.

Keeping in mind, then, the present state of the law, to hold that a city can pay the award into court, and thereupon take possession pending an appeal by it and possibly another trial, would be to take private property without "compensation first made or paid into court" for the owner; or, in other words, a city, like any other condemner, cannot take private property while maintaining an attitude of hostility toward the owner. Reference to the constitutional provisions throughout the several states will show that the constitution of this state is most positive in its declaration of the right of the landowner; and while, as we have said, it was within the power of the legislature to favor the municipalities to a certain degree, it has not done so, and we are constrained to hold that the city can take property only when compensation has been ascertained and paid.

While our ruling may not seem to be in harmony with the cases cited by Mr. Lewis, it is because they rest upon express

statutes, or the courts have found that the legislature has made exceptions, or the constitution and statutes will bear a construction in favor of municipalities such as we have pointed out in this opinion. So in the case at bar, the city having paid the award and taken possession, and no appeal being prosecuted by the claimant, it follows that the judgment is "final" and nothing remains to engage the attention of the court.

Appeal dismissed.

DUNBAR, C. J., GOSE, PARKER, and CROW, JJ., concur.