[No. 36003.  *En Banc.*  November 9, 1961.]

THE STATE OF WASHINGTON, *Appellant,* v. J. C. COREY *et al.,*
*Respondents.**

*The Attorney General* and *Douglas R. Hartwich, Assistant,*
for appellant.

*Corbett, Siderius & Lonergan,* for respondents.

ROSELLINI, J.—This is an appeal from a judgment in a
condemnation action, awarding the respondents compensa-
tion for damages to their property located in the path of the

*Reported in 366 P. (2d) 185.

proposed freeway in Seattle, said damages having been incurred by reason of the appellant's having taken advantage of the provisions of RCW 47.28.025 and the respondents' having complied with the requirements of RCW 47.28.026. RCW 47.28.025 provides for the recording of plans for new highways with the county auditor. RCW 47.28.026 prohibits the making of improvements on lands located within the limits of such recorded highway plans. A proviso to this section makes the recording of the plans ineffective after the lapse of one year if no condemnation action has been commenced.

It was stipulated at the trial of this matter that, by complying with the provisions of RCW 47.28.026, the respondents suffered damages in the amount of four thousand dollars.

It was and is the contention of the appellant that this statutory provision violates Art. I, § 16, of the state constitution, because it does not provide for prepayment of compensation to the owners for the damages which result from the burden placed upon the land by the statute, and that, being unconstitutional, it is a nullity; that the respondents had no duty to comply with it, and if they did so, the state is not responsible for any damages which they incurred thereby.

The appellant overlooks the very well-settled doctrine that a constitutionally protected property right can be waived. As stated in 1 Cooley, Constitutional Limitations (8th ed.) 368,

" . . . Where a constitutional provision is designed for the protection solely of the property rights of the citizen, it is competent for him to waive the protection, and to consent to such action as would be invalid if taken against his will."

In such cases,

" . . . the statute must be read with an implied proviso that the party to be affected shall assent thereto; and such consent removes all obstacles, and lets the statute in to operate the same as if it had in terms contained the condition." Ibid. p. 370.

The constitutional provision requiring the state to compensate the owners of property (in this case the respondents) before damaging their property for public purposes, is clearly designed for the protection of private property rights. The respondents have manifested their assent to the provisions of the statute and their intention to waive the constitutional requirement that they be compensated in advance of the damaging. Yet the appellant seeks to nullify that waiver for the sole purpose of avoiding payment of the compensation to which it concedes the respondents are entitled if the statute is valid. This it cannot do. Reading the statute with the implied proviso that it shall be operative only if the respondents consent to its provisions, the constitutional objection vanishes.

In accord with this conclusion is the case of *State ex rel. Thompson v. Snell*, 49 Wash. 177, 94 Pac. 926, wherein the state resisted a petition for release of a prisoner who had been committed as insane, on the ground that the law which provided the procedure by which he could obtain release was unconstitutional as applied to him. Rejecting this contention, this court said:

" . . . If the relator elects to submit to these additional burdens imposed upon him, it is not for the state to interpose the objection that the burdens are wrongfully or illegally imposed."

We are of the opinion, therefore, that the appellant is not in a position to challenge the constitutionality of RCW 47.28.026 in this action, as it applies to the respondents, and thereby to avoid the necessity of compensating them for the damages incurred by reason of its acts.

The judgment is affirmed.

ALL CONCUR.