[No. 36893. Department Two. May 14, 1964.]

THE STATE OF WASHINGTON, *Respondent*, v. (RUSSELL) C. CARL STERNOFF *et al.*, *Appellants*, KING COUNTY, *Respondent*.*

*Eisenhower & Carlson* and *Paul Sinnitt*, for appellants.

*The Attorney General* and *John C. O'Rourke, Assistant*, for respondent.

HAMILTON, J.—Appellants owned approximately 24 acres of undeveloped industrial property in King County, Washington. They appeal from a judgment entered in an eminent domain proceeding appropriating and fixing compensation for 14 acres of their tract. Error is assigned to rulings of the trial court precluding submission, in the condemnation action, of a claim for damages purportedly arising from imposition of a so-called "freeze order" upon the property pursuant to RCW 47.28.025 and 47.28.026. These statutes provide:

"Whenever any authority in behalf of the state shall establish the location, width and lines of any new highway, or declare any such new highway as a limited access facility, it may cause the description and plan of any such highway to be made, showing the center line of said highway and the established width thereof and attach thereto a certified copy of the resolution, and thereupon such description, plan and resolution shall be recorded in the office of the county

*Reported in 392 P. (2d) 222.

auditor of the proper county in a separate book kept for such purposes, which shall be furnished to the county auditor of such county by the Washington state highway commission at the expense of the state." RCW 47.28.025.

"No owner or occupier of lands, buildings or improvements shall erect any buildings or make any improvements within the limits of any such highway, location, width and lines of which have been established and recorded, as provided in RCW 47.28.025, and if any such erection and improvements shall be made, no allowances shall be had therefor by the assessment of damages. No permits for improvements within said limits shall be issued by any authority: *Provided,* That the establishment of any highway location as set forth in RCW 47.28.025 shall be ineffective after one year from the filing thereof if no action to condemn or acquire the property within said limits has been commenced within said time." RCW 47.28.026.

Appellants acquired the property in question in 1954, preparatory to expanding their industrial operations. On May 4, 1956, the state highway commission, pursuant to RCW 47.28.025, caused a description and plan of a proposed route for a portion of Primary State Highway No. 1 (part of the Seattle-Tacoma freeway) to be filed with the King County Auditor. The plan embraced appellants' 24 acres. Appellants complied with the provisions of RCW 47.28.026.

On May 15, 1957, the instant action was initiated seeking condemnation of the 24 acres. A series of procedural and legal steps ensued, including entry of an order adjudicating public use and necessity; a review thereof in *State ex rel. Sternoff v. Superior Court,* 52 Wn. (2d) 282, 325 P. (2d) 300; a limited access hearing; the recording of a second highway plan in April, 1962; the filing of an amended petition including only 14 acres of appellants' property on July 18, 1962; the issuance of an order adjudicating public use and necessity upon the amended petition; and a pretrial conference on July 30, 1962.

At the pretrial conference, appellants asserted the restrictions imposed upon development of their property by the filing of the highway plan of May 4, 1956, constituted a compensable damage, and sought to have such damage

assessed at the time of trial. The state objected. By a pretrial order, the trial court ruled:

"3. The Court rules that respondents [appellants] may not claim damages against the petitioner in this condemnation action arising out of the fact that a highway plat was filed May 4, 1956. The Court is of the opinion that a claim for damages because of the State's filing a plat pursuant to RCW 47.28.025 and .026 would have to be instituted by the respondents filing a separate action against the State of Washington, and that the claim may not be prosecuted in this condemnation action. The Court is of the further opinion that the respondents adopt an inconsistent position when they claim a date of valuation for the value of their property of September, 1962, and at the same time demand damages from the date that the so-called freeze order was filed."

On September 21, 1962, the action came on for trial. Appellants renewed their contention that they be permitted to litigate in the condemnation action a claim for damage flowing from the "freeze order," and made an offer of proof setting forth elements of the claimed damage. The trial court adhered to its pretrial ruling and rejected the offer of proof. Trial proceeded upon the usual issues of just compensation incident to the acreage appropriated. On October 2, 1962, the jury rendered its verdict upon the issues so framed. Motion for new trial was duly interposed, argued, and denied on October 9, 1962. Judgment and the decree of appropriation as to appellants' 14 acres was then entered, directing payment of the amount of the jury's award into the registry of the court. The state complied.

On October 22, 1962, upon appellants' motion to disburse, the trial court ordered the clerk to pay to appellants the amount of the jury's award. Appellants, without reservation, accepted the money on deposit and the judgment was satisfied. On October 31, 1962, appellants filed their notice of appeal assigning error to the pretrial order and the rejection of appellants' subsequent order of proof.

At the outset, we are met by the state's motion to dismiss the appeal. This motion is predicated upon the fact that appellants withdrew from the registry of the court the

amount adjudged and deposited as just compensation for the appropriation of their 14 acres, coupled with the provisions of RCW 8.04.130 and 8.04.150, which read:

"Upon the entry of judgment upon the verdict of the jury or the decision of the court awarding damages, the state may make payment of the damages and the costs of the proceedings by depositing them with the clerk of the court, to be paid out under the direction of the court or judge thereof; and upon making such payment into court of the damages assessed and allowed for any land, real estate, premises, or other property mentioned in the petition, and of the costs, the state shall be released and discharged from any and all further liability therefor, unless upon appeal the owner or party interested recovers a greater amount of damages; and in that case the state shall be liable only for the amount in excess of the sum paid into court and the costs of appeal.

"*In the event of an appeal to the supreme court of the state by any party to the proceedings, the moneys paid into the superior court by the state pursuant to this section shall remain in the custody of the court until the final determination of the proceedings by the supreme court.*" (Italics ours.) RCW 8.04.130.

"Either party may appeal from the judgment for damages entered in the superior court, to the supreme court of the state, within thirty days after the entry of judgment as aforesaid, and such appeal shall bring before the supreme court the propriety and justness of the amount of damage in respect to the parties to the appeal: *Provided however,* That upon such appeal no bond shall be required: *And provided further, That if the owner of land, the real estate or premises accepts the sum awarded by the jury, the court or the judge thereof, he shall be deemed thereby to have waived conclusively an appeal to the supreme court, and final judgment by default may be rendered in the superior court as in other cases:* . . ." (Italics ours.) RCW 8.04.150.

■ We are constrained to agree with the state's contention that appellants have waived their right of appeal in this condemnation action. RCW 8.04.130 and 8.04.150 provide in unambiguous terms that moneys paid into court pursuant to an award and judgment shall remain in the registry of the court pending any appeal, and that accept-

ance of the award by the condemnee conclusively waives appeal. It follows that an unequivocal withdrawal by the condemnee of the funds paid into the registry of the court in accordance with the award and judgment constitutes an acceptance of the award and terminates the condemnation proceeding. The appealable issue and the right of appeal are dissipated. The condemnation action is at an end. See *State v. Smithrock Quarry, Inc.,* 49 Wn. (2d) 623, 304 P. (2d) 1043; *State v. Laws,* 51 Wn. (2d) 346, 318 P. (2d) 321, 322 P. (2d) 134. Appellants have cited no authority justifying a different conclusion.

We can readily appreciate and sympathize with appellants' desire to withdraw and put to work the sum awarded in lieu of the property taken pending their appeal. The applicable statutes are, however, adamant, and their wisdom or unwisdom presents a legislative problem. We cannot amend them.

In passing, it is to be noted that, in the trial court in this action and in *State v. Corey,* 59 Wn. (2d) 98, 366 P. (2d) 185, the state tacitly conceded that imposition of a "freeze order" and its results, as contemplated by RCW 47.28.026, constitutes a constitutionally compensable taking of a property right. However, in the light of our disposition of this appeal, we do not reach this precise issue. Neither do we reach or pass upon the questions of (a) the necessity of litigating the issue of any damage flowing from such a taking in an ensuing condemnation action; (b) appellants' right, upon the record as it stands in this case, to seek compensation for any damage flowing from the "freeze order" in an "inverse condemnation" proceeding; or (c) the appropriate measure of damages in either situation.

The motion to dismiss the appeal is granted.

OTT, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.