[No. 39440.    Department One.    July 11, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. DORIS M. SCHEEL
*et al., Respondents*, JOHNNIE MARVIN BRAGET *et al.,
Appellants.**

*Miles & Level, Don Miles,* and *Edward E. Level,* for appellants.

*The Attorney General* and *Joseph B. Loonam, Assistant,* for respondent, State of Washington.

*Campbell, Manning, Price & Engerson,* for respondent Walter O. Braget.

WIEHL, J.†—On April 19, 1966, the state of Washington instituted a condemnation action involving the acquisition of two tracts of land in Pierce County, denominated item 2 and item 4. Item 2 is owned in undivided interests, eight-twelfths by respondents, Walter O. Braget and his wife, and one-twelfth each by appellants, Johnnie Marvin Braget,

*Reported in 443 P.2d 658.

†Judge Wiehl is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Elwood Oliver Braget, Paul Henry Braget and Frankie Jordan Braget. Item 4 is owned by respondents, Walter O. Braget and wife.

All appellants were served, and appeared or were represented at the time the order adjudicating public use was entered on May 16, 1966. It is admitted by all parties that at the time the notice in condemnation was caused to be served on the appellants a "statement of offer" was appended thereto in which the state purported to offer, in the event of settlement, the sum of $20,975 for item 2 and $14,300 for item 4. The offer was in apparent compliance with RCW 8.25.010,[1] but was never accepted by the appellants who did not appear at the valuation trial which commenced June 23, 1966.

The trial resulted in the return of two separate verdicts by the jury on June 28, 1966. Damage caused by the taking was set at $5700 on item 2 and $46,882 on item 4. On July 7, 1966, judgments and decrees of appropriation as to both items 2 and 4 were entered. The judgment as to item 2 included only $100 to all six persons to pay part of the owners' costs of evaluating the property as purportedly provided in RCW 8.25.020.[2] No appeal has been taken from either judgment of appropriation entered on the jury's verdicts.

On November 21, 1966, a hearing before the judge was held on a petition for distribution of funds. Appellants appeared and claimed that part of the money deposited by the state for item 4 should be distributed to the owners of item 2, and also prayed the court to require the state to

---

[1] "In all actions for the condemnation of property, or any interest therein, at least thirty days prior to the date set for trial of such action the condemnor shall serve a written statement showing the amount of total just compensation to be paid in the event of settlement on each condemnee who has made an appearance in the action."

[2] Prior to amendment in 1967, RCW 8.25.020 provided: "In order to pay a part of the owner's costs of evaluating an offer of just compensation, any person or organization whose real property or interest therein is acquired by eminent domain or by consent under threat thereof, is entitled to receive from the agency or person acquiring such property or interest therein as a part of his just compensation the sum of one hundred dollars."

deposit the additional sum of $400 for the benefit of the appellants as they claim was required by RCW 8.25.020. In their petition on distribution, appellants further prayed in the alternative for a new trial on evaluation.

The trial court entered an order disbursing funds on November 21, 1966, wherein the funds deposited for item 2 were divided into aliquot shares and ordered distributed among all the appellants and the respondents according to ownership. The appellants filed notice of appeal on November 28, 1966, from the order disbursing funds.

Appellants contend that the trial court in the hearing on the petition for distribution committed error in not either shifting part of the money from the verdict and judgment from item 4 to item 2, or ordering a new trial on evaluation. They also contend that each of the appellants should be awarded $100 in the judgment on item 2 as they contend is required by RCW 8.25.020.

The sole issue in this case is whether or not the appellants can attack the judgments and decrees of appropriation as to items 2 and 4 in a later petition for distribution, held under authority of RCW 8.04.140,[3] where no appeal is taken from the judgments and decrees of appropriation as provided by RCW 8.04.150 or ROA 33, RCW vol. 0, or no motion to vacate the judgments is made.

■ As above stated the appellants have not appealed from the judgments of appropriation as provided by court rule, nor have they moved to vacate them. The judgments of appropriation were final judgments from which the

---

[3]"Any person, corporation or county claiming to be entitled to any money paid into court, as provided in RCW 8.04.010 through 8.04.160, may apply to the court therefor, and upon furnishing evidence satisfactory to the court that he or it is entitled to the same, the court shall make an order directing the payment to such claimant the portion of such money as he or it shall be found entitled to; but if, upon application, the court or judge thereof should decide that the title to the land, real estate or premises specified in the application of such claimant was in such condition as to require that an action be commenced to determine the conflicting claims thereto, he shall refuse such order until such action is commenced and the conflicting claims to such land, real estate or premises be determined according to law."

appellants could have appealed even though in default. *Oregon R.R. & Navigation Co. v. McCormick*, 46 Wash. 45, 89 Pac. 186 (1907); *Peha's Univ. Food Shop v. Stimpson Corp.*, 177 Wash. 406, 31 P.2d 1023 (1934). Having failed to give notice of appeal within 30 days according to law and rule, they cannot now reopen the matter in a subsequent trial for equitable distribution. The appellants' petition on distribution was, in effect, a collateral attack on the prior judgments and decrees of appropriation. Those judgments were rendered by a court having jurisdiction of the parties and the subject matter, and were neither reversed nor vacated, and therefore, are not open to change by collateral attack. *Anderson v. Anderson*, 52 Wn.2d 757, 328 P.2d 888 (1958).

The appellants cite *Oregon R.R. & Navigation Co. v. McCormick, supra*, as authority which supports their attack on the judgments of appropriation in the subsequent hearing of the motion for distribution. That case, however, merely stands for the proposition that an appeal lies from a default judgment in a condemnation action. No such appeal was taken in this case. Therefore, the case is not apropos.

■ Since the trial court had no authority to alter the verdicts and judgments as to items 2 and 4, or to grant a new evaluation trial, it was powerless to do anything other than make a pro rata distribution based on ownership. This it did. It was also powerless to add to the judgments any amount contended by appellants to be authorized by RCW 8.25.020. We find no error in the order disbursing funds.

The trial court's order is affirmed.

WEAVER, HUNTER, HALE, and McGOVERN, JJ., concur.

---

October 9, 1968. Petition for rehearing denied.