[No. 297-3.   Division Three.   January 12, 1971.]

THE STATE OF WASHINGTON, *Appellant*, v. LIVIA C. WACH-SMITH *et al.*, *Respondents*.

*Slade Gorton, Attorney General, Joseph B. Loonam* and *William G. Boland, Assistants,* for appellant.

*Bruce P. Hanson* (of *Hanson & Lust*), for respondent Wachsmith.

*J. Hugh Aaron* (of *Lyon, Beaulaurier, Aaron & Weigand*), for respondent Triangle Sand & Gravel.

GREEN, J.—Petitioner brought this action to condemn certain real property in Yakima County for the construction of a non-access highway. Judgment was entered upon a verdict awarding $230,000 as just compensation. Petitioner appeals from the judgment. Respondents move to dismiss the appeal.

On August 14, 1969, petitioner commenced this action and notice in condemnation was issued with respect to respondents' property described as Item 1. On August 27, 1969, an amended notice in condemnation was issued wherein real property described as Item 1-A was added. On February 20, 1970, the trial court entered a stipulated order for immediate use and possession as follows:

> IT IS HEREBY ORDERED That at such time as the deposit of the sum of One Hundred Thirty Thousand and no/100 Dollars ($130,000.00) is paid into the registry of the court by the petitioner as its offer, the State of Washington is entitled to immediate possession and use on April 27, 1970, of the parcel of property particularly described as Item No. 1 in Exhibit "A" attached to the petition on file herein, according to the terms and conditions of RCW 8.04.090 through 8.04.094, which terms and conditions and description are incorporated by reference herein.

Thereafter on May 12, 1970, a further stipulated order was entered as follows:

IT IS HEREBY ORDERED That at such time as the deposit of the sum of One Hundred Forty-Four Thousand, Three Hundred and no/100 Dollars ($144,300.00), less the sum of One Hundred Thirty Thousand and no/100 Dollars ($130,000.00) previously paid into the registry of the court, leaving a balance of Fourteen Thousand, Three Hundred and no/100 Dollars ($14,300.00) to be paid by the petitioner herein, the State of Washington is entitled to immediate possession and use on April 27, 1970, of the parcel of property particularly described as Item No. 1 in Exhibit "A" attached to the petition on file herein, according to the terms and conditions of RCW 8.04.090 through 8.04.094, which terms and conditions and description are incorporated by reference herein.

The monies provided for in the two stipulated orders were deposited into court and paid to the respondents. On September 4, 1970, the trial court entered judgment upon a verdict for $230,000, awarding substantial attorney and expert witness fees.

First, respondents contend the appeal should be dismissed because petitioner has taken possession of the property without having first paid the balance of the just compensation into court for the owner-respondents, in violation of article 1, section 16, of the Washington Constitution. This contention is without merit. Respondents agreed to entry of the order granting petitioner possession and were paid $144,300. By virtue of the stipulation, respondents also became eligible for the award of reasonable attorney and expert witness fees under RCW 8.25.070. These acts resulted in a waiver of the rights provided by article 1, section 16. *State v. Corey*, 59 Wn.2d 98, 366 P.2d 185 (1961); cf. *In re Kent*, 77 Wn.2d 499, 463 P.2d 132 (1969).

Second, respondents assert petitioner is required to pay the full amount of the judgment under RCW 8.04.090, the statutory provision for the order for immediate possession, and cannot take possession, refuse to

pay the amount of the judgment and appeal. This statute in pertinent part provides:

> In case the state shall require immediate possession and use of the property sought to be condemned, and an order of necessity shall have been granted, and no review has been taken therefrom, the attorney general may stipulate with respondents . . . for an order of immediate possession and use, and file with the clerk of the court wherein the action is pending, a certificate of the state's requirement of immediate possession and use of the land, which shall state the amount of money offered to the respondents and shall further state that such offer constitutes a continuing tender of such amount. The attorney general shall file a copy of the certificate with the state auditor, who forthwith shall issue and deliver to him a warrant payable to the order of the clerk of the court wherein the action is pending in a sum sufficient to pay the amount offered, which shall forthwith be paid into the registry of the court. The court without further notice to respondent shall enter an order granting to the state the immediate possession and use of the property described in the order of necessity, which order shall bind the petitioner to pay the full amount of any *final judgment* of compensation and damages which may thereafter be awarded . . . The moneys paid into court may at any time after entry of the order of immediate possession, be withdrawn by respondents, by order of the court, as their interests shall appear.

(Italics ours.) Respondents argue the judgment becomes final at the time it is entered by the trial court. They contend their position is buttressed by the portion of RCW 8.04.150 reading as follows:

> *Provided further,* That no appeal shall operate so as to prevent the said state of Washington from taking possession of such property pending such appeal after the amount of said award shall have been paid into court.

We disagree. In this case, respondents agreed to grant petitioner possession prior to judgment; therefore, the quoted proviso of RCW 8.04.150 does not apply. Further, RCW 8.04.130 provides in the event of an appeal the state may pay the amount of a judgment into court, but such monies shall remain with the court until the appeal is decided.

Therefore, it becomes evident the words "final judgment" contained in RCW 8.04.090 refer to a judgment that becomes final on termination of the right of appeal. Where an appeal is taken, the judgment does not become final until final disposition on appeal. This interpretation finds support in *State v. Laws*, 51 Wn.2d 346, 318 P.2d 321, 322 P.2d 134 (1957-1958).[1]

The cases cited by respondent in support of their position that judgment must first be paid into court before an appeal can be taken and that having taken possession without doing so petitioner cannot appeal are not in point.[2] These cases are distinguishable from the instant case because here petitioner was in possession upon stipulation with respondents; whereas, the cases cited by respondents are instances where there was no such stipulation and the state took possession before payment of just compensation, or, where the state had not taken possession and elected to dismiss the action after rendition of the verdict but before final judgment was entered. Under RCW 8.04.090 the full amount of the judgment need not be paid into the registry of the court until the case has been finally determined on appeal.

Third, it is contended that Item 1-A was not included in the order for immediate possession and the petitioner having taken possession of Item 1-A prior to payment of the award is now foreclosed from an appeal. We disagree. RCW 8.04.090 provides that the court shall enter an order granting immediate possession to the property described in the order of necessity. Item 1-A was included

[1]The court said at page 352: "Time for an appeal by the respondents having also expired, the judgment became final at the time of the state's waiver.

"It is argued that the appeal, nevertheless, was pending until the filing of this court's opinion on November 29, 1957. The statement is correct, but in the appeal we fixed the time the judgment became final by determining when the right of appeal terminated."

[2]*State ex rel. Peel v. Clausen*, 94 Wash. 166, 162 P. 1 (1917); *State v. Laws, supra; Spokane v. Cowles*, 67 Wash. 539, 121 P. 463 (1912); *State ex rel. Troy v. Superior Court*, 38 Wn.2d 352, 229 P.2d 518 (1951).

in the property described in the order of necessity. Exhibit A of the judgment includes Item 1 and Item 1-A. Therefore, the judgment awarding just compensation for Item 1 of Exhibit A included Item 1-A. It seems evident from a review of this record that the reference to Item 1 in the orders for immediate possession included Item 1-A. Respondents' contention is without merit.

■    Last, respondents contend the portion of the judgment awarding attorney and expert witness fees is not appealable for the reason that an appeal brings before the appellate court only the propriety and justness of the amount of damage.[3] Prior to the enactment of RCW 8.25.070, there was no provision for including an award of attorney and expert witness fees in the judgment for damages in an eminent domain proceeding. By virtue of legislative enactment such fees are allowable in the discretion of the trial court. Here an award was made and included in the judgment for damages. This award was merged in the total judgment for damages. The remedy of review by appeal is proper. RCW 8.04.150; *In re Kent,* 77 Wn.2d 499, 463 P.2d 132 (1969).

The motion to dismiss is denied.

EVANS, C. J., and MUNSON, J., concur.

---

[3]Respondents cite: *State v. McKenzie,* 56 Wn.2d 897, 355 P.2d 834 (1960); *State v. Laws, supra; State ex rel. Northwestern Elec. Co. v. Superior Court,* 27 Wn.2d 694, 179 P.2d 510 (1947); *State v. Prindle,* 169 Wash. 311, 13 P.2d 425 (1932); *Chelan Elec. Co. v. Wick,* 148 Wash. 479, 269 P. 827 (1928); *Spokane v. Cowles,* 67 Wash. 539, 121 P. 463 (1912). They are not decisive of the issue in the instant case.