# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MICHELLE MERCERI,<br><br>　　　　　Appellant,<br><br>　　　　　v.<br><br>STATE OF WASHINGTON,<br>DEPARTMENT OF<br>TRANSPORTATION,<br><br>　　　　　Respondent,<br><br>DEUTSCHE BANK AG a/k/a<br>DEUTSCHE BANK, doing business in<br>the United States as DEUTSCHE<br>BANK USA, and as DEUTSCHE BANK<br>NATIONAL TRUST COMPANY, a<br>national banking association, as<br>trustee for holders of the BCAP LLC<br>Trust 2007-AA2; and SHAWN CASEY<br>JONES,<br><br>　　　　　Defendants. | No. 85865-3-I (linked with<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |
| MICHELLE MERCERI,<br><br>　　　　　Appellant,<br><br>　　　　　v.<br><br>STATE OF WASHINGTON,<br>DEPARTMENT OF<br>TRANSPORTATION, DEUTSCHE<br>BANK AG a/k/a DEUTSCHE BANK,<br>doing business in the United States as<br>DEUTSCHE BANK USA, and as<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, a national banking | No. 85690-1-I) |

association, as trustee for holders of
the BCAP LLC Trust 2007-AA2,

Respondents,

SHAWN CASEY JONES,

Defendant.

BIRK, J. — In this inverse condemnation action, landowner Michelle Merceri filed an action against the State of Washington, in which she joined as defendants a fellow putative owner and a lender holding a deed of trust, seeking compensation for a state highway expansion's taking of restrictive covenant rights benefiting her property. The superior court bifurcated trial, entered judgment determining the amount of compensation and interest due because of the taking, and denied Merceri an award of attorney fees, but has not yet determined the allocation of the recovery among Merceri, the putative other owner, and the lender. Merceri filed a notice of appeal from the judgment challenging the award of interest and denial of attorney fees. While the first notice of appeal was pending, Merceri unsuccessfully sought to enforce an attorney lien against the compensation recovery and separately filed a notice of appeal from the denial of that motion. We affirm the superior court's rulings denying Merceri's motions for attorney fees and compound interest, we conclude the denial of Merceri's motion to enforce an attorney lien is not appealable and so we do not review it, and we remand.

I

In a complaint filed August 6, 2021, Merceri alleged ownership of a lot in the Fairweather Basin subdivision in Hunts Point, Washington, which was subject to

protective restrictions and covenants. She alleged the State effected a taking by condemning two neighboring lots for a highway project and putting them to use in violation of the covenants. Merceri joined as parties Shawn Jones, who is on the title to Merceri's property but according to her has disclaimed any interest in the claim for just compensation, and Deutsche Bank National Trust Company, which purports to be the beneficiary of a 2006 deed of trust encumbering the property. As memorialized in a partial summary judgment order dated April 15, 2022, the State agreed its construction on the two lots violated one of the covenants, the superior court granted Merceri summary judgment on that issue, and the court reserved the amount of damages for trial. By summary judgment order dated September 6, 2022, the court limited certain of Merceri's damages claims, but otherwise ruled there was evidence requiring a jury determination of the diminution in value of Merceri's property. On September 9, 2022, the court entered an order directing that trial proceed in three phases: "(1) determination on the amount of compensation on Plaintiff's inverse condemnation claim as against [the State], (2) determination of interest on any award to Plaintiff and attorneys' fees, and (3) Deutsche Bank's entitlement to and recovery from any such award to Plaintiff."

On October 4, 2022, Merceri filed a notice of settlement between herself and the State, reflecting that Merceri had accepted the State's pretrial offer under RCW 8.25.070. The State presented a proposed judgment for the agreed amount of just compensation plus statutory interest of 12 percent from the date of taking on May 11, 2011. Merceri filed an objection to the proposed judgment. Merceri sought compound interest, citing Sintra, Inc. v. City of Seattle, 131 Wn.2d 640, 935

P.2d 555 (1997), abrogated on other grounds by Yim v. City of Seattle, 194 Wn.2d 682, 451 P.2d 694 (2019). Following a presentation of judgment hearing, on November 4, 2022, the court entered its judgment and decree of appropriation for the agreed amount of just compensation and statutory interest of 12 percent. Statutory 12 percent simple interest on $205,000.00 from 2011 to 2022 amounted to $282,664.11. Merceri filed motions to amend the judgment and for an award of litigation costs including attorney fees incurred to obtain just compensation. By orders dated November 29, 2022, the court denied both motions. On December 1, 2022, Merceri filed a notice of appeal directed to the Supreme Court designating the judgment and these orders.

Separately, on May 16, 2023, Merceri filed in the superior court a "Motion to Enforce Attorney Lien Claim on Judgment." In that motion, Merceri sought disbursal of funds from the court registry to satisfy a claim of lien for attorney fees asserted by her counsel. The superior court denied this motion, and on July 14, 2023, denied reconsideration. On July 31, 2023, Merceri filed a notice of appeal directed to this court designating these orders.

This court's clerk's office docketed Merceri's July 31, 2023 notice of appeal under matter number 85690-1-I. By order dated October 3, 2023, the Supreme Court transferred Merceri's December 1, 2022 appeal to this court. The clerk's office docketed this appeal under matter number 85865-3-I. By letter, the court advised the parties that the matters would be linked for purposes of argument and disposition.

4

II

In advance of oral argument, the court advised the parties of its notation ruling stating, "[T]he parties are directed to be prepared at oral argument to address whether there is an appealable final judgment before the court within the meaning of RAP 2.2." The November 4, 2022 judgment states, "There is no just reason to delay entry of this Judgment and Decree of Appropriation as to the just compensation arising from the State's condemnation of the Covenant, this is a final judgment at the express direction of the Court." However, the judgment does not include findings supporting that statement, as required by RAP 2.2(d). In the absence of such findings, such a judgment is generally not appealable. Pepper v. King County, 61 Wn. App. 339, 349, 810 P.2d 527 (1991).

RAP 2.2(a) provides that "[u]nless otherwise prohibited or provided by statute or court rule," a party may appeal from only designated superior court decisions. A judgment adjudicating less than all the claims or counts, or the rights and liabilities of less than all the parties, is generally subject only to discretionary review until the entry of a final judgment adjudicating all the claims, counts, rights, and liabilities of all the parties. RAP 2.2(d). Generally, when a judgment is not appealable because RAP 2.2(d) is not satisfied, the appellate court must dismiss an appeal. Schiffman v. Hanson Excavating Co., Inc., 82 Wn.2d 681, 687-88, 513 P.2d 29 (1973); Pepper, 61 Wn. App. at 346 & n.4. Despite the court's direction in advance of argument, no party identified a statute or court rule making the

November 4, 2022 judgment appealable as a matter of right.[1]  The court's

additional research has identified RCW 8.04.150, which states,

> Either party may seek  appellate review of the judgment for damages entered in the superior court within thirty days after the entry of judgment as aforesaid, and such review shall bring before the supreme court or the court of appeals the propriety and justness of the amount of damages in respect to the parties to the review: PROVIDED HOWEVER, That upon such review no bond shall be required: AND PROVIDED FURTHER, That if the owner of land, the real estate or premises accepts the sum awarded by the jury, the court or the judge thereof, he or she shall be deemed thereby to have waived conclusively appellate review, and final judgment by default may be rendered in the superior court as in other cases: PROVIDED FURTHER, That no review shall operate so as to prevent the said state of Washington from taking possession of such property pending review after the amount of said award shall have been paid into court.

State v. Scheel held that when determining the allocation of a condemnation

award, the trial court had no authority to alter the judgment for just compensation

because it had not been appealed.  74 Wn.2d 137, 137, 140, 443 P.2d 658 (1968).

The court said, "Having failed to give notice of appeal within 30 days according to

law and rule, [the appellants] cannot now reopen the matter in a subsequent trial

for equitable distribution."  Id. at 140.  In State v. Wachsmith, the court held the

portion of a condemnation judgment awarding attorney and expert witness fees is

appealable under RCW 8.04.150.  4 Wn. App. 91, 96, 479 P.2d 943 (1971).  In a

---

[1] Merceri sought to rely on the superior court's CR 54(b) direction, despite its lack of the required findings, or alternatively discretionary review under RAP 2.3(b).  Wash. Court of Appeals oral argument, Merceri v. Dep't of Transp., No. 85865-3-I (Feb. 28, 2024), at 1 min., 49 sec. to 2 min., 02 sec. and 2 min., 52 sec. to 3 min., 36 sec, https://tvw.org/video/division-1-court-of-appeals-2024021466/. The State sought to rely on RCW 8.04.110 and .130, but those statutes do not address appealability.  Id. at 11 min., 38 sec. to 12 min., 12 sec. and 19 min., 04 sec. to 19 min., 31 sec.

motion to dismiss the appeal, Wachsmith argued the portion of the judgment awarding such fees was not appealable because they did not qualify as "the propriety and justness of the amount of damage." Id. at 92, 96. We disagreed, noting the enactment of RCW 8.25.070 permitted a trial court to award attorney fees in the judgment for damages in an eminent domain proceeding, the trial court made such an award and included it in the judgment for damages, and this award merged in the total judgment for damages. Id. at 96. Accordingly, the "remedy of review by appeal is proper." Id. (citing RCW 8.04.150). These decisions satisfy us that the November 4, 2022 judgment is appealable under RCW 8.04.150.

The same is not true of the superior court's later orders denying Merceri's motion to enforce an attorney lien. RCW 8.25.070 speaks to the condemnor's liability for attorney fees as part of the gross award of just compensation, and RCW 8.04.150 contemplates appeal of the amount of just compensation separate from subsequent proceedings to determine the allocation among claimants. The July 2023 superior court orders lack any CR 54(b) certification, as well as the supporting findings required under RAP 2.2(d). The parties have identified, and the court has located, no statute or court rule making the July 2023 orders denying enforcement of an attorney lien appealable as a matter of right.

In the absence of an appealable final judgment, a party seeking review is limited to discretionary review. RAP 5.1(c) states that "[a] notice of appeal of a decision which is not appealable will be given the same effect as a notice for discretionary review." Thus, when CR 54(b) and RAP 2.2(d) are not met, an appellate court may still accept review if the criteria for discretionary review under

RAP 2.3(b) are met. Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n, 156 Wn.2d 253, 257, 261 n.4, 126 P.3d 16 (2006); Glass v. Stahl Specialty Co., 97 Wn.2d 880, 883, 652 P.2d 948 (1982). Here, they are not. Regardless of whether the superior court's rulings denying current enforcement of an attorney lien are error, which we do not decide, they are not "obvious" or "probable" error, and even more plainly they do not "render further proceedings useless" or "substantially alter[] the status quo or substantially limit[] the freedom of a party to act." RAP 2.3(b)(1)-(2). To the contrary, they expressly contemplate that further proceedings must occur.

As to Merceri's July 31, 2023 notice of appeal, matter number 85690-1-I, review is dismissed. Because neither Merceri nor Deustche Bank has prevailed on review, we direct that no party is awarded attorney fees or costs at this time, but this direction is without prejudice to any party's establishing an entitlement to attorney fees or costs in subsequent proceedings.

III

Merceri argues the superior court erred by failing to award compound interest.[2] We disagree.

The state constitution requires that "just compensation" be paid in case of a governmental taking of private property. WASH. CONST. art. I, § 16. An inverse condemnation claim seeks to recover the value of property that the government

---

[2] The State argues Merceri's alleged error concerning interest cannot be reviewed, because she did not supply a report of proceedings from a November 3, 2022 presentation hearing. The parties presented their arguments to the superior court in the form of proposed judgments and their respective written objections to each other's proposed judgments. The record affords a basis for review.

appropriated without a formal exercise of its eminent domain powers. Jackass Mt. Ranch, Inc. v. S. Columbia Basin Irrig. Dist., 175 Wn. App. 374, 388, 305 P.3d 1108 (2013). "Just compensation requires that the property owner be put in the same position monetarily as he or she would have occupied had the property not been taken. It consists of the full equivalent of the value of the property paid contemporaneously with the taking." Sintra, 131 Wn.2d at 655-56. In an inverse condemnation action, interest is necessary to compensate the property owner for the loss of the use of the monetary value of the taking or damage from the time of the taking until just compensation is paid. Id. at 656. Interest in this context is a measure of the rate of return on the property owner's money had there been no delay in payment. Id.

RCW 8.28.040 requires a court in an eminent domain proceeding tried to verdict by the jury or the court to impose postverdict interest as part of the compensation for the taken or damaged property. The interest must be set at the maximum interest rate permitted at that time under RCW 19.52.020 from the date of entry of the verdict to the date of the payment. RCW 8.28.040. The maximum interest rate allowable under that statute is 12 percent. RCW 19.52.020(1)(a).

In Sintra, the court held that awarding compound prejudgment interest instead of simple interest constituted error. 131 Wn.2d at 660. The trial court awarded 12 percent interest on the compensation award compounded annually. Id. at 651. The Supreme Court reversed, noting RCW 8.28.040 guides the trial court's determination of a prejudgment interest award as part of the award of just compensation. Sintra, 131 Wn.2d at 660. Because RCW 19.52.020 "does not

9

specifically provide for the compounding of interest, only simply interest is allowed." Sintra, 131 Wn.2d at 660. However, if a party proves by presenting evidence that statutory simple interest does not afford just compensation, the trial court has discretion to award compound interest. Id. Absent such proof, "a property owner in a temporary regulatory takings case is entitled only to simple interest under RCW 8.28.040 as part of just compensation." Sintra, 131 Wn.2d at 660-61. We review the superior court's decision to allow simple interest and not compound interest for an abuse of discretion. See id. at 660. A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or based on untenable reasons. Gildon v. Simon Prop. Grp., Inc., 158 Wn.2d 483, 494, 145 P.3d 1196 (2006).

Merceri submitted several declarations in support of her request for daily compound interest instead of simple interest to fully compensate her. University of Washington Accounting Associate Professor Ed deHaan stated compound interest is "fundamental in modern finance . . . for standard financial products such as savings accounts or loans," "is what the financial world earns and pays in everyday transactions," and "daily compounded interest is relatively easy to calculate on[e]self." Vickie Reynolds, a businesswoman and investor residing in King County, stated she expected financial institutions would pay daily compound interest and she would "never accept simple interest because simple interest is not the standard for the payment of interest on savings accounts in Washington." Merceri filed her own declaration stating, "Paying me less than interest compounded daily would not provide just compensation and would not make me

whole." She claims, "No reasonably prudent investor or involuntary creditor, which I am, would accept less than interest compounded daily" and repeats that she is entitled to full just compensation, which means interest compounded daily.

Merceri does not show based on this evidence that it was an abuse of discretion by the superior court to award statutory 12 percent simple interest on $205,000 from 2011 to 2022, amounting to $282,664.11. Merceri relies on primarily federal case law supporting compound interest. But her argument, and the above evidence, ignores the rates at which federal authorities have allowed compound interest. Merceri's authorities, discussed below, use commercial interest rates, in contrast to Washington's statutory rate.

The rule allowing compound interest in takings cases is based on the constitutional intent to provide just compensation. See Sintra, 131 Wn.2d at 660. The purpose of allowing interest in cases where the property owner is not paid at the time of the taking is to ensure the owner "is placed in as good a position pecuniarily as [the owner] would have occupied if the payment had coincided with the appropriation." Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 10-11, 104 S. Ct. 2187, 2194, 81 L. Ed. 2d 1 (1984). In Whitney Benefits, Inc. v. United States, the court held just compensation required awarding compound interest in that case because of the government's delay in payment, the taken property's characterization as commercial and income-producing, consistency where the discount rate used at trial for future earnings adopted a compound interest rate, and consistency where Congress's recent amendment to the Declaration of Taking Act, 40 U.S.C. § 258e-1 (1988), provided that compound interest would be

11

awarded where the government exercised its eminent domain authority.  30 Fed. Cl. 411, 414-16 (1994).  While there was delay in this case, for reasons the parties dispute, the other factors relied on in Whitney Benefits are absent.

In Brunswick Corp. v. United States, a patent infringement case, the court imposed interest rates compounded annually "since no prudent commercially reasonable investor would invest at simple interest.  Compounding interest annually, therefore, is more likely to place the patentee in the same financial position it otherwise would have held had royalties been timely paid."  36 Fed. Cl. 204, 219 (1996).  The court ordered compound interest "commensurate with the prime rate."  Id. at 207.  Noting that determining the appropriate rate of interest in Court of Claims takings cases is a question of fact, the court rejected the condemnee's own after-tax weighted average cost of capital as the measure of just compensation, which the condemnee asserted ranged from 8.76 percent to 12.5 percent.  Id. at 219.  Another case allowed compound interest at a federal statutory rate requiring use of " 'the weekly average one-year constant maturity Treasury yield.' "  Vaizburd v. United States, 67 Fed. Cl. 499, 504 (2005) (quoting 40 U.S.C. § 3116).  Another used "the seven-year Treasury STRIPS [Separate Trading of Registered Interest and Principal of Securities] rate" as the measure of just compensation.  Nat'l Food & Beverage Co., Inc. v. United States, 105 Fed. Cl. 679, 704 (2012) (footnote omitted).  These cases look to what " 'a reasonably prudent person investing funds so as to produce a reasonable return while maintaining safety of principal' " would receive.  Schneider v. Cnty. of San Diego, 285 F.3d 784, 792 (9th Cir. 2002) (quoting United States v. 50.50 Acres of Land,

931 F.2d 1349, 1355 (9th Cir. 1991)).  Merceri cites United States v. N. Pac. Ry. Co., 51 F. Supp. 749, 749-50 (E.D. Wash. 1943), in which the court allowed compound interest at 6 percent, but the court did not explain the reason for its selection of that rate, and it is no longer consistent with Court of Claims decisions.

The combination of Merceri's evidence not addressing rates and these decisions using commercial rates does not support that statutory 12 percent simple interest for the delay from 2011 to 2022 was inadequate to place Merceri "in as good a position pecuniarily as [she] would have occupied," Kirby Forest, 467 U.S. at 10, based on a reasonable return while maintaining safety of principal, if payment had been made in 2011.  The superior court was within its discretion to decline to compound interest.

Merceri argues the Washington legislature has changed eminent domain law to conform with federal law, but the changes made do not include amending RCW 19.52.020 to mandate interest be compounded.  Merceri points to provisions of Washington law enacted to match the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4601-4655, and its corresponding regulations under 49 C.F.R. §§ 24.1-24.306.  Chapter 8.26 RCW and its corresponding regulations in chapter 468-100 WAC contain substantially the same provisions.  Both these federal and state statutes indicate that their primary purpose is to minimize the hardship of displacement for individuals and businesses affected by public projects by providing uniform procedures for providing relocation assistance.  42 U.S.C. § 4621(b); RCW 8.26.010(1)(a).  They do not address interest on takings.

IV

Merceri argues she was entitled to attorney fees under RCW 8.25.075.  We disagree.

Reasonable attorney fees incurred in an inverse condemnation action are not available unless provided in contract, statute, or recognized equitable principles.  State v. Costich, 152 Wn.2d 463, 469-70, 98 P.3d 795 (2004).  RCW 8.25.075(2) authorizes an acquiring government agency's attorney to include in the settlement amount reasonable attorney fees, when appropriate, where a claim is settled in an inverse condemnation action.  Daviscourt v. Peistrup, 40 Wn. App. 433, 442 n.9, 698 P.2d 1093 (1985).  RCW 8.25.075(3) provides that in an inverse condemnation action, a plaintiff is entitled to attorney fees "but only if the judgment awarded to the plaintiff as a result of trial exceeds by ten percent or more the highest written offer of settlement submitted by the acquiring agency to the plaintiff at least thirty days prior to trial."

Merceri does not dispute that the amount of just compensation in her case was established by settlement after the jury was selected but before it was sworn. She relies on Petersen v. Port of Seattle, where the court reversed the trial court's denial of an award for attorney and expert witness fees in an inverse condemnation case.  94 Wn.2d 479, 481-82, 489, 618 P.2d 67 (1980).  The plaintiffs sought recovery of the diminished value of their property resulting from the Port of Seattle's operation of Sea-Tac Airport.  Id. at 481.  A proceeding began in superior court to test the validity of defenses asserted by the Port.  Id.  Several days of hearings followed where several witnesses were called and subjected to direct and

14

cross-examination and closing arguments were made to the court. Id. at 481, 488. The court rejected the defenses. Id. at 481. The trial to determine the amount of compensation due to the plaintiffs was never held because the superior court entered a judgment on agreed facts. Id. at 481-82. The Petersen court viewed the series of hearings to test the Port's defenses as the first portion of a bifurcated trial. Id. at 488. The Port was held liable for attorney and expert witness fees under RCW 8.25.075 because its written settlement offer was not made 30 days before the start of those series of hearings. Id. "This is in keeping with the legislative encouragement to avoid trials." Id. "In light of the legislative objective of settling rather than trying matters such as this, it seems anomalous to contend that the evaluation of defenses requiring the taking of testimony for several days is not at least a portion of a trial." Id. at 488-89.

Petersen is distinguishable. In Petersen, while there was not a full trial, the obligation to pay just compensation was established through a contested adjudication of the Port's defenses. Here, the amount of just compensation and the State's undisputed payment of statutory interest followed as a result of settlement. The statute makes an award of attorney fees available in cases where the amount of compensation was determined as a result of trial. In this case, the amount was determined by settlement in advance of trial.

Merceri also cites City of Snohomish v. Joslin, 9 Wn. App. 495, 500, 513 P.2d 293 (1973). There, we remanded for an award of attorney fees, explaining that RCW 8.25.075 was not limited to condemnation actions. Id. at 498-99, 500. We said RCW 8.25.075 "clearly manifests a legislative intent that if a condemnor

chooses to take property without instituting condemnation proceedings, the owner shall be reimbursed for his costs of litigation in obtaining his constitutionally guaranteed just compensation." Id. at 500. But Joslin is not applicable, because it was decided before the 1977 amendment to RCW 8.25.075 limiting the availability of attorney fees to only cases determined "as a result of trial." See LAWS OF 1977, Ex. Sess., ch. 72, § 1, at 296. Because the amount of just compensation and the admitted statutory 12 percent interest were not determined to be owed "as a result of trial," the superior court did not err by denying Merceri's motion for attorney fees.

Pointing to the language of RCW 8.25.075(2) making it discretionary for the agency whether to include an attorney fee award in a settlement offer, Merceri argues the legislature set no standards guiding the agency's discretion. Merceri does not cite authority that a legislative grant of discretionary authority to an executive branch official fails simply because of the possibility of arbitrary implementation, she does not point to circumstances indicating that the attorney general's decision not to offer compensation for attorney fees in her case was arbitrary, and she does not suggest to the court any construction of the statute to provide the guidance she says is required. Cf. People's Org. for Wash. Energy Res. v. Wash. Utils. & Transp. Comm'n, 104 Wn.2d 798, 808, 711 P.2d 319 (1985) (deference accorded to regulatory agency where the statute "in very broad terms, basically just direct[ed] them to set [utility rates] which the agencies determine to be just and reasonable.").

16

Merceri seeks attorney fees on appeal, but because she does not prevail we decline to award them.

V

In matter number 85690-1-I, review is dismissed and no party is awarded attorney fees or costs at this time, without prejudice to any party subsequently establishing such an entitlement in future proceedings. In matter number 85865-3-I, we affirm the superior court's November 4, 2022 judgment, and its rulings denying compound interest and denying attorney fees under RCW 8.25.075. We direct that this opinion shall be filed in both matter number 85690-1-I and matter number 85865-3-I. We remand for proceedings consistent with this opinion.

Birk, J.

WE CONCUR:

Feldman, J.

Dwyer, J.